Johnson, C. J. The question presented is one purely of law, and will depend entirely upon the construction that shall be placed upon the statute. The 70th section of chapter 67, of the Digest, declares that “ If any officer sell any property under any execution, whether he shall receive payment therefor or not, or shall make the money in any execution, specified or therein endorsed, and directed to be levied, or any part thereof, and shall not have the amount of such sales, or the money so made, before the court, and pay the same according to law, he shall be liable to pay the whole amount of such sale, or money by him made, to the person entitled thereto, with lawful interest thereon, and damages in addition, at the rate of ten per cent, per month, to be computed from the time when the execution is ma$e returnable, until the whole be paid, to be recovered in an action against such officer and his securities on his official bond.” True it is, that it does not appear, from any terms used in the judgment, that ten per cent, per month were included up to the time of its rendition, yet it is manifest that such must have been the case, as the amount of the original recovery against Aldrich, including lawful interest, could not, by possibility, have swelled into so great a sum. There seems to be a slight inaccuracy in the calculation of the circuit court, though it is plain, from the amount of the judgment, that that court included not only the lawful interest, but also the ten per centum per month upon the original recovery up to the time of the rendition of the judgment in. this case. If this be so, it is then clear that the sheriff would not only be subjected to damages at the rate of ten per centum per month upon the sum for which he may have made himself liable, but that he would also be required to pay at the same rate from the rendition of the judgment against him upon the damages that had already accrued, and which had been included in the judgment. This construction of the statute we believe to be unsound and wholly at war with the obvious intention of the Legislature. The sheriff, by a failure to discharge his legal duties, subjects himself to the payment of the amount specified in the execution placed in his hands, with lawful interest, and also to damages in addition, at the rate of ten per cen-tum per annum, to be computed from the time when the execution is made returnable, until the whole is paid. It is manifest that the statute never designed to visit such terrible consequences upon the officer of the law as the present judgment would inevitably produce. It was not intended to compound the damages allowed by the statute, but simply to inflict single damages, by way of a penalty, at the rate of ten per centum per month, to be computed from the return day of the execution, until the whole amount, for which he had rendered himself liable, should be fully paid. If this view of the statute be correct, and that it is we do not entertain a doubt, then it is clear that thejudgment is erroneous, and consequently ought to be reversed. The judgment of the circuit court of Pulaski herein rendered is therefore reversed, and the cause remanded.