Cain vs. Leslie.          [July

## CAIN vs. LESLIE.

C., the purchaser of an improvement on public land subject to entry, and L., who is security for the purchase money, enter into a parol agreement that L. shall advance the money to enter the land, and shall enter it, and hold the legal title as security for his advance and for his securityship: L. makes the entry accordingly: HELD, That he holds the land as trustee, and equity will enforce the performance of the agreement.

A sale of an improvement on public land, is recognized by statute, and the purchaser acquires a possessory right, which the law protects, and which is good against every body but the government or its grantee.

*Appeal for Hempstead Circuit Court in Chancery.*

The Hon. SHELTON WATSON, Circuit Judge.

CURRAN & GALLAGHER for the appellant. This case falls clearly within the principles recognized and settled in the case of *Rector vs. Keatts, 1 Ark. Rep.* 191.

PIKE and CURRAN, contra. The agreement between Cain and Leslie, was without any valuable or meritorious consideration; and equity will not enforce a voluntary agreement. 3 *Story Eq. Juris.* 430, *sec.* 43, *n.* 3; 18 *Ves.* 84; 4 *J. C. R.* 497; 1 *Cowen Rep.* 711. In this case, the very essence of a contract is wanting; there is no mutuality, no reciprocity in the contract. 2 *Story's Eq. Juris.* 60, *n.* 2. There is no time specified in which the contract is to be performed, nor is the agreement in writing. It is a mere parol agreement, indefinite as to time, and within the statute of frauds. *Dig.* 540, *sec.* 1; 2 *Story's Eq. Juris.* 60, *sec.* 751, 752; 1 *J. C. R.* 273.

MR. Chief Justice WATKINS delivered the opinion of the Court.

The substance of the bill of complaint in this cause, which was adjudged insufficient upon demurrer in the Court below, is, that, in the year 1851, the complainant Cain purchased of one Start an improvement on a certain tract of public land, belonging to the United States, for the consideration of one hundred dollars, of which he paid twenty-five dollars, and gave his note for the residue, being seventy-five dollars, with the defendant Leslie as security. The improvement consisted of between five and ten acres of cleared land, with a comfortable loghouse, and out buildings upon it, of which the complainant was put in possession. That, in October, 1852, Leslie, professing to be uneasy about being security for complainant, and at the same time his friend, and disposed to assist him in purchasing the land, proposed that he, Leslie, would advance the amount of money required to enter it, at the land office; and would make the entry in his own name, as a means of indemnity against loss, in respect of his securityship, and the purchase money to be advanced, and that when the complainant would pay him the amount of their joint note to Start, so that he might discharge it, and refund the entrance money with interest, he would hold the title to the land and improvements in trust for the complainant, and convey the same to him by a valid deed. That the complainant being poor, not having

40BB

the amount of money required to pay for the land, desirous to save his improvements, and fearful that some other person might enter the land, and deprive him and his family of their home, and confiding in the representations and promises of Leslie, consented to the arrangement proposed, and furnished him with the numbers of the tract, and authorized him to enter it at the land office in the way proposed and agreed upon; and which was accordingly done. That complainant continued in possession, and on the faith of the contract with Leslie and his promise to make a deed, on payment of those sums of money, went on to clear more land, and make additional improvements thereon. That, in the month of January, 1853, Leslie conveyed an undivided half of the tract in question to the other defendants, Steele and McFall, with intent to cheat and defraud the complainant, and put it out of his power to obtain a title. That Steele and McFall, being unfriendly with complainant, had confederated with Leslie to propose to enter complainant's improvement for him, and then induced Leslie to convey an undivided half of it to them; their object being to force the complainant to abandon the place, or pay them a high rent, or purchase their half at an exorbitant price, and further, to compel him to pay them some money which he did not justly owe, and of all which designs on their part, Leslie was apprised. That, in the early part of the same year, Steele and McFall notified the complainant, that they would require him to give security for the rent of their undivided half of the place, or else surrender possession of it to them. That complainant, as soon as he could raise the money, tendered to Leslie the full amount of their note to Start, and the hundred dollars advanced to enter the land, together with the interest accrued on both of those sums, and requested him to comply with the agreement by executing a deed then prepared and presented to him conveying the land to complainant. That Leslie would not receive the money or execute the deed. Prayer, that the defendants be decreed to hold the land as trustees for complainant; that they be

compelled to accept the money tendered, and execute proper conveyances to vest title in complainant.

The bill makes out a stronger case for relief, upon the facts confessed by the demurrer, than that of *Keatts vs. Rector*, 1 *Ark*. 391, where specific performance of a parol agreement respecting an interest in land was decreed, and comes directly within the principles there adjudicated upon the construction of the statute of frauds. It is true, that the complainant, not having a right of pre-emption, Leslie or any other person was at liberty to enter the land with the improvements upon it, and eject the occupant; and that any subsequent promise to compensate him for his improvement, would have been without consideration. But the sale of improvements on public land is recognized by statute, and the complainant, by his purchase from Start, acquired a possessory right, which the law protects, and good against every body but the government or its grantee. Though a mere chattel interest, a possession held by the sufferance of the United States, it was a sufficient consideration for the note given to Start; as was not doubted in *Nick's heirs vs. Rector*, 4 *Ark*. 252; see also *Brock vs. Smith*, 14 *Ib*. 431, and cases there cited. The equity of the complainant consists in the fact, that relying upon the agreement, which was designed to be, as it was, immediately executed, he relinquished the undoubted privilege of entering, or causing it to be done by some other person for his own benefit, the land which included his improvement. Regarding him as being up to that time an intruder upon public land, though it was in market under a standing offer of sale, then, if there was no agreement, he became at once a trespasser liable to be evicted by Leslie. There was indeed no change of possession, for being in, he continued to occupy. But his possession became for the first time lawful under the title acquired from the government, and with express reference to the agreement, and upon the faith of it, the complainant went on to clear more land and make additional improvements, without objection from Leslie.

Taking into consideration the other allegations in the bill, of

confederacy between the defendants to defraud and injure the complainant, it seems to be clearly a case where, unless the agreement be performed, an unconscionable fraud and deceit will have been practiced upon the complainant.

Decree reversed, and the cause remanded, with instructions to overrule the demurrer.