DAVID JAMESON, plaintiff in error, v. MILES W. CONWAY, School Commissioner, &c., defendant in error.

5g 227
e114a³341

*Error to Rock Island.*

A replication in Chancery is a formal pleading, averring the truth of the allegations of the bill, and denying the truth of those in the answer, and its only office is to put the cause at issue. If no replication is filed, the cause may be set for hearing on the bill and answer, in which case the answer is taken to be true. If the complainant wishes to prove any matter charged in the bill, and not admitted in the answer, or to compel the defendant to sustain the allegations of the answer by proof, he must place the cause at issue by filing a replication.

If a complainant has omitted to file a replication at the proper time, the Court will allow it to be done *nunc pro tunc.*

The want of a replication will not be cause for reversing a decree on error, where the parties have taken depositions, and submitted the cause for decision on the pleadings and proofs without objection. In such a case, they will be deemed to have waived the filing of a replication and regarded the cause as if one had been filed in seasonable time.

The declarations of a party are not competent evidence to prove a matter directly in issue, unless parol evidence would be admissible to establish it; or unless there is no higher or better evidence of the same fact in existence which can be produced.

Where a School Commissioner had been removed from office, a debtor to the school fund paid to him the amount of his indebtedness and received his obligations, although aware of such removal. In a suit against the debtor by the successor of that officer, the Court *held* that the payment was made in fraud of the rights of the successor.

BILL IN CHANCERY to foreclose a mortgage, &c., brought by the defendant in error against the plaintiff in error, in the Rock Island Circuit Court, and heard before the Hon. Thomas C. Browne, at the October term, 1846, when a decree of sale, &c., was rendered.

So much of the pleadings and evidence as is material to the determination of the case will be found in the Opinion of the Court.

*S. T. Logan,* for the plaintiff in error.

*O. H. Browning & N. Bushnell,* for the defendant in error.

1. The note should not have been paid to Thompson—he had no authority to receive it, and a receipt from him cannot discharge it as against his successor in office. Chitty on Bills, 393–4; *Nathaniel* v. *Stevens,* 2 How. (Miss.) R.

642; *Leonard* v. *Leonard*, 14 *Pick.* 280; *Vernon* v. *Hankey*, 2 T. R. 113; *Vernon* v. *Hanson*, ib. 287.

2. The admissions of the defendant are sufficient proof that Thompson had been removed from office. 1 Greenl. Ev. §§ 171, 194, 195, and note (2); *Rankin* v. *Horner*, 16 East, 193; *Berryman* v. *Wise*, 4 T. R. 366; *Corbin* v. *Jackson*, 14 Wend. 619.

3. The non-filing of a replication was waived by the plaintiff in error. It was, at most, an irregularity which was waived by not insisting on it, and consenting to go to trial on the " bill, answer and depositions " without it.

1. As to waiver of irregularities. *Skinner* v. *Dayton*, 5 Johns. Ch. R. 191; *Hawley* v. *Bennett*, 5 Paige, 104; *Brasher's Ex.* v. *Van Cortlandt*, 2 Johns. Ch. R. 242, 247-8; *Parker* v. *Williams*, 4 Paige, 439; 1 Barb. Ch. Pr. 625-6.

2. An appellate Court will not decide an appeal on a ground not passed upon nor submitted to the Court below, nor permit a new point to be raised which, if raised below, could have been obviated. The Court will not permit a party to be misled or surprised in this way. 1 Barb. Ch. Pr. 396; 2 Hoff. Ch. Pr. 53; *Barnes* v. *Lee*, 1 Bibb, 526; *Chamley* v. *Lord Dunsany*, 2 Sch. & Lef. 712; *Morgan* v. *Crurie*, 3 A. K. Marsh. 294; *Wickliff* v. *Clay*, 1 Dana, 589.

3. A replication is a mere formal instrument, and if the complainant has omitted to file one at the proper time, the Court will allow it to be filed *nunc pro tunc*. Where the omission is by inadvertence or mistake, it may be filed after the cause has been set down for hearing, or even after a decree. Where the parties bring on a cause to be heard on "bill, answer and depositions," the defendant waives the filing of a replication, and the want of it cannot be assigned for error. 1 Barb. Ch. Pr. 252; Story's Eq. Pr. § 881; *Scott* v. *Clarkson's* Ex., 1 Bibb, 277; *Pierce* v. *West*, 1 Pet. C. C. R. 351; *Smith* v. *West*, 3 Johns. Ch. R. 363.

The Opinion of the Court was delivered by

TREAT, C. J. This was a suit in Chancery, commenced by Conway, School Commissioner, against Jameson, to foreclose a mortgage.

The bill states, in substance, that on the 1st of February, 1841, Jameson executed a promissory note to Thompson, School Commissioner, for the payment of $530, in one year, and also a'mortgage to secure the same; that the debt has not been paid to Thompson, as School Commissioner, nor to his successor in office; but that Jameson obtained the note and mortgage in a fraudulent manner, and now retains the possession thereof.

The bill waives the oath of the defendant to his answer.

Jameson, in his answer, admits the execution of the note and mortgage, but avers, that on the 3rd of June, 1841, and while Thompson was acting as School Commissioner, he paid the full amount of the debt, and received the note and mortgage from Thompson.

No replication was ever filed to the answer.

The complainant took the depositions of two witnesses, the defendant's solicitor being present at the examination, and propounding cross interrogatories. One of them deposed that about the 1st of June, 1841, Jameson told him he had got up his papers that day; that Thompson had been removed from the office of School Commissioner, but still retained the papers, and he would pay the man that held them. The other witness swore, that about the first of June, 1841, and while the report was current in the neighborhood that Thompson had been removed from office, Jameson told him he had got up his papers from Thompson, and they might do their worst now; and asked the opinion of the witness whether that would discharge him.

The final order of the Court, after stating, "this day came the parties by their solicitors, and this cause coming on to be heard upon the bill of complainant, and the answer of defendant thereto, and the depositions taken in this cause," proceeds to decree a foreclosure of the mortgage.

It is insisted, in the first place, that the decree must be reversed, because no replication was filed. A replication is a formal pleading, averring the truth of the allegations of the bill, and denying the truth of those of the answer, and its only office is to put the cause at issue. If no replication

is filed, the cause may be set for hearing on the bill and answer, in which case the answer is taken to be true. If the complainant wishes to prove any matter charged in the bill, and not admitted in the answer, or compel the defendant to sustain the allegations of the answer by proof, he must place the cause at issue by filing a replication. By omitting to do this, he deprives the defendant of the opportunity of proving the truth of the statements in the answer; and he is therefore required, when the cause is set for hearing on bill and answer, to admit all the defendant would be allowed to prove, were the cause at issue. A replication, however, is considered as a mere formal pleading, and if the complainant has omitted to file one at the proper time, the Court will allow it to be done afterwards *nunc pro tunc.* 1 Barbour's Ch. Pr. 252. This has been permitted after the examination of witnesses, and even after the cause has come on for hearing, and the reading of the proofs has commenced. Cooper's Eq. Pl. 331, 335. And the like permission has been granted after the cause has been set down for hearing, and a reference ordered. *Smith* v. *West,* 3 Johns. Ch. R. 363; *Pierce* v. *West,* 1 Peters' C. C. R. 351. Nor will the want of a replication be cause for reversing a decree on error, where the parties have depositions, and submitted the cause for decision on the pleadings and proofs without objection. They will be deemed to have waived the filing of a replication and regarded the cause as if one had been filed in seasonable time. *Scott* v. *Clarkson,* 1 Bibb, 277. That case was in a similar condition to the one under consideration, and the decision is expressly in point. The present cause was not set down for hearing on bill and answer, but it was submitted without objection in the pleadings and proofs, in the taking of which proofs both parties participated. They treated the cause as if it was at issue, and it was so heard and decided by the Court. Under such circumstances it is too late to urge the objection in this Court.

Regarding the cause at issue as did the parties, we come to the question whether the evidence authorized the decree. The execution of the note and mortgage being admitted, the

only matter in controversy is whether they have been paid. The possession of these by the defendant raises the presumption of payment; and the complainant has only to overcome this presumption, for the oath of the defendant being dispensed with, the answer has no more force as evidence than the bill or any other pleading. The proof consists in admissions of the defendant that he paid the note and mortgage after Thompson was removed from office. The fact whether he was removed from office was not put in issue by the pleadings. If directly put in issue, it is very clear that it could not be proved by the declarations of the defendant. A record is necessarily made of a removal from office, and the fact of removal could not be proved by parol, but only by the production of the record, or an exemplified copy thereof. The true rule on this subject undoubtedly is, that the declarations of a party are not competent evidence to prove a matter directly in issue, unless parol evidence would be admissible to establish it, or unless there is no higher or better evidence of the same fact in existence, which can be produced. But for all of the purposes of this case, it is utterly immaterial whether Thompson was removed from office or not. The real question is, was he at the time authorized to receive payment of the note and mortgage? The admission was not introduced to sustain an allegation that Thompson was removed from office, but to show the circumstances under which the payment was made. The defendant not only admits the payment was made to Thompson after he was out of office, but states the mode in which he went out of office; the latter a fact wholly unimportant in the decision of this case. The effect of the admission is, that the payment was made when Thompson had no authority to receive it; and this we think is sufficient to overthow the presumption of payment arising from the possession of the instruments. The payment was made in fraud of the rights of the School Commissioner, and cannot avail the defendant.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*