# LEAH MARTIN *et al.*

*v.*

# WILLIAM HARGARDINE.

1. SUMMONS—*of the sheriff's return.* Where it is alleged that the three defendants, in a proceeding in chancery, had service of summons by one copy only, and the sheriff's return shows that the writ was served by reading and delivering a true copy of the same "to the within named" persons, naming the three defendants, and charges upon the margin, fees for serving three copies—the taxing these costs is a part of his official return, and removes all doubt upon the point, as to the sufficiency of such service.

2. EVIDENCE IN CHANCERY—*how preserved.* Where oral evidence is introduced on the hearing of a suit in chancery, if the facts proved are recited in the decree, it is a sufficient preservation of the evidence.

3. JUDICIAL SALE—*of lands en masse.* Lands lying contiguous, if offered in separate parcels, without receiving any bids, may be offered and sold in a body.

4. CORRECTING MISTAKE—*relinquishment of dower.* Where the husband and wife joined in the execution of a mortgage, which by mistake described the

wrong tract of land, a court of chancery has no power to correct the mistake, so that the relinquishment of dower shall apply to land not described in the mortgage, although such land was intended by all the parties to be described therein.

5.   BILLS TAKEN PRO CONFESSO—*what facts are taken as confessed.*   Where a bill is taken *pro confesso,* which merely avers the execution of the mortgage by the husband and wife, making no allegation in the bill that the wife released her dower, but makes the mortgage a part of the bill, in which her acknowledgment was insufficient under the statute to operate as a relinquishment of dower, the bill thereby failing to show a release of dower, although taken *pro confesso,* must be reversed as to her.

WRIT OF ERROR, to the Circuit Court of Logan county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Messrs. WILLIAMS & BURR, for the plaintiffs in error.

Messrs. PALMER & HAY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was a bill in chancery, brought by Hargardine against the widow and minor heirs of Christopher Orenduff, deceased. It appears the latter, during his life, had executed a mortgage with power of sale, under which the premises described in the mortgage had been sold, purchased by one Evans, and conveyed by him to Hargardine.   He alleges in this bill that there was a mistake in said mortgage in the description of the premises.; the north-east quarter of a certain section having been described instead of the south-east.   The bill was taken *pro confesso* as to the widow, and a guardian *ad litem* having been appointed for the heirs, the court pronounced a decree as prayed in the bill, correcting the alleged error, directing a sale of the land by the master, and cutting off the widow's dower.   The widow and heirs now prosecute a writ of error.

It is first insisted by plaintiffs in error, that the sheriff's return upon the summons only shows a service of one copy upon all the defendants. The sheriff returned that he had served the writ "by reading and delivering a true copy of the same to the within named Leah Orenduff, Joseph Orenduff, and George Orenduff." He then charges upon the margin, fees for serving three copies. The taxing of these costs is a part of his official return, and removes all doubt upon the point raised.

It is also urged that the record does not contain the evidence. The facts proven are recited in the decree, and this, as has been often decided by this court, is sufficient.

It is said that the lands were sold *en masse.* But the master reports that he first offered them in separate parcels and received no bids. He then offered and sold them in a body. The reason is apparent, from the fact that the lands, though described as different parts of two sections, all lay contiguous to each other.

These are the only objections taken to the proceedings, so far as they relate to the title of the heirs, and they are not ground for reversal as to them.

The decree, however, as to the widow, Leah Orenduff, was erroneous. Even if the certificate of acknowledgement had been correct in point of form, the court had no power to apply it to any other lands than those described in the deed. The difference between correcting a deed as to the husband, or, if he is dead, as to the heirs, and to the wife or widow, is this : as to the husband, the deed is made in execution of a contract between the grantor and grantee, and if it does not properly express the contract as really made, either as to the description of the lands or otherwise, it can be corrected by a court of chancery on the making of satisfactory proof. So if the contract is executed on the part of the purchaser, by the payment or tender of the purchase money in compliance with its terms, and the vendor refuses to convey, the court will compel

a conveyance. But the wife is incapable of making a contract which will bind her as to her dower. She can relinquish it to the grantee of her husband, but only in the manner pointed out by the statute. The execution of a deed by signing, sealing and delivering it, is not sufficient, much less an agreement to execute a deed. The deed must not only be signed and sealed, but it must be acknowledged in a special manner, before an officer designated by the law, and a certificate must be placed by such officer upon the deed, showing such acknowledgment to have been made in the mode required by the statute. The character and effect of this transaction cannot be changed by subsequent proof. If the deed describes the north east quarter instead of the south east, as was intended, and the wife executes and acknowledges the deed before the mistake is corrected, all that can be said is, that she has relinquished her dower in the lands described in the deed, and in none other, and although she may have agreed to relinquish it in another tract, and may have supposed she was doing so, yet, if she has not done so, the court has no power of compelling her. Her agreement does not bind her, and the court can not take her relinquishment of dower in one tract and apply it to another in which she never has relinquished. This would make for her a new deed. When the officer has certified that he has privily examined her as to her willingness to relinquish her dower in the north east quarter, having first explained to her that such would be the effect of the deed, this certificate can not be contradicted and overturned by proof that, instead of doing this, he, in fact, examined her as to her willingness to relinquish her dower in the south east quarter. We held in *Graham* v. *Anderson*, 42 Ill. 514, that the certificate of of acknowledgement of a deed can not be varied by parol evidence. See also *Russell* v. *Ramsey*, 35 Ill. 363.

But apart from this objection, the certificate was not a substantial compliance with the statute. It fails to show that the person acknowledging as the wife of the mortgagor, was

personally known to the officer, or that her identity was proven, nor does it contain any statement which can be deemed the equivalent of this. The act of February 11th, 1853, has never been construed as dispensing with this portion of the certificate, and it clearly was not designed to change the existing law in this regard. It is said the bill was taken *pro confesso* as to the widow, and this court will presume its allegations were duly proven. But the bill merely avers that Christopher Orenduff, and Leah Orenduff, his wife, executed a mortgage, saying nothing in regard to the release of dower, but making the mortgage a part of the bill. The bill has no allegation that Leah Orenduff released her dower, and on referring to the mortgage itself, we find no evidence that she did release. Conceding that a *pro confesso* decree admits she executed the mortgage as charged in the bill, it does not admit she was the person who went before the officer, and, on a privy examination, acknowledged she had relinquished her dower freely and without compulsion. As the bill does not charge she released her dower, and as the mortgage incorporated in the bill fails to show that the person who went before the officer was Leah Orenduff, the decree, notwithstanding it was *pro confesso*, must be reversed. On a demurrer to this bill, the court could not have held that Leah Orenduff had relinquished her dower.

The decree must be reversed as to the widow, Leah Orenduff, and affirmed as to the other plaintiffs in error.

*Decree reversed in part.*