## ZACHARIA DURHAM

### v.

## LUCINDA MULKEY.

1. EVIDENCE IN CHANCERY—*how preserved.* Where the evidence in a chancery proceeding is not preserved, but it appears from the decree that the court found, upon the evidence, certain facts, upon which the decree is based, it is sufficient—it is not necessary that the decree should contain a recital of all the evidence heard.

2. CHANCERY—*trial on bill and answer—waiver.* Where, in a suit in chancery, the defendant, at the return term, filed his sworn answer to the bill, and no replication being filed, the court ordered that the cause be set down for hearing on bill and answer at the next term of the court, upon objection that the court below erred in proceeding to hear evidence in the case, it was *held,* the defendant having appeared, and without objection, proceeded to trial on the evidence, he thereby waived his right to insist that the trial should have been on bill and answer.

3. DOWER—*oath of commissioners.* In a proceeding by petition for assignment of dower, where the report of the commissioners appointed to assign dower stated that they were duly sworn in open court, but the character of the oath taken nowhere appeared in the report or other portions of the record: *Held,* this omission in the record was fatal. The statute is peremptory that the commissioners shall take an oath, and what it shall contain is specifically prescribed. It must appear that the oath conformed to the requirements of the statute.

4. In such a proceeding, and as to such a requirement, it is for the party relying upon the action of the commissioners to show that the statute has been pursued, and it is unnecessary that any exceptions should be filed to the report of the commissioners, to render tenable, on error, the objection that their oath did not conform to the statute.

5. DECREE—*on assignment of dower—where a sum is decreed in lieu of dower.* Where a sum, to be paid annually, is decreed the widow, in lieu of dower, it is proper to decree that an execution may issue for the collection of the same, in case of default in the payment thereof; but when a lien is retained on the land, the decree should require it to be first sold under the execution.

APPEAL from the Circuit Court of Williamson county ; the Hon. A. D. DUFF, Judge, presiding.

Mr. WILLIAM J. ALLEN, for the appellant.

Messrs. MULKEY, WALL & WHEELER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a petition filed by appellee, in the Williamson circuit court, against appellant, for the assignment of dower, which she claimed to hold in the lands described in the petition. Appellant filed his answer at the return term, denying appellee's right of dower in the premises. No replication being filed, the court ordered that the cause be set down for hearing on bill and answer at the next term of the court.

At the next term, a trial was had, and the decree recites, that the parties again came, by their respective solicitors, and the cause was submitted for a final hearing, upon bill, answer and proofs, and the court, after a careful examination of the evidence, finds the various facts upon which the decree is based.

It has been held that the evidence must appear in the record, in some mode or other, or the facts must be found by the court from the evidence. *Wilhite* v. *Pearce,* 47 Ill. 413; *Pankey* v. *Raum,* 51 Ill. 88; *Grob* v. *Cushman,* 45 Ill. 119; *Martin* v. *Hargardine,* 46 Ill. 322. The facts were found by the court upon the evidence in the case, and brings this decree within the rule announced in those cases.

It is next objected, that, the court below having set the case for hearing on bill and answer, it was error to hear evidence. It is a sufficient reply to this position to say that both parties appeared and went to trial without objection. If appellant was not disposed to proceed to trial on the evidence, he should have objected, and insisted upon a hearing alone on bill and answer. Having failed to object, he must be held to have waived his right to insist that the trial should have been on bill and answer. The case of *Marple* v. *Scott,* 41 Ill. 50, is decisive of this question.

It is next objected, that there is nothing in the record to show that the commissioners were sworn to assign dower, as

required by the statute. Their report states they were duly sworn in open court, but the report, as well as other portions of the record, fails to show the character of the oath they took. Whether it conformed to the requirements of the statute or not, nowhere appears. The statute is peremptory, that the commissioners shall take an oath, and what it shall contain is fully and specifically prescribed. Being a statutory requirement, it can not be dispensed with in such a proceeding. In *Tibbs* v. *Allen*, 27 Ill. 119, it was held, that the oath must conform to the requirements of the statute. In this case, the record fails to disclose that the law, in this respect, has been observed, which was manifest error. It is, in fact, only replied to this assignment of error, that no exception was taken. In such a proceeding, and as to such a requirement, it is for the party relying upon the action of the commissioners to show that the statute has been pursued. It was not necessary that any exceptions should be filed to the report of the commissioners, to render the objection tenable.

It is next urged that the court erred in awarding execution for the collection of the sum decreed the widow in lieu of dower, in case appellant should make default in payment, as required by the decree. It is not error to decree that an execution may issue for the collection of the amount decreed to be annually paid in lieu of dower, but when a lien is retained upon the land, the decree should require it to be first sold under the execution. Inasmuch as the land is subject to the lien, when the owner comes to sell it, the value would be depreciated by the lien, and if the amount should be collected of the first owner, the purchaser would obtain all the benefits of a reduction in the price of the land, and still escape the burthen placed upon it by the decree. In this respect the decree should be modified.

The decree is reversed and the cause remanded.

*Decree reversed.*