RUSSELL CROSSETT

*v.*

SALLIE G. OWENS *et al.*

*Filed at Mt. Vernon June 13, 1884.*

1. HIGHWAY—*oath of commissioners to survey and locate a road—necessity therefor.* A special act of the legislature appointing three commissioners to locate a certain road, required the commissioners, or a majority of them, to meet at a place named, before the first day of August thereafter, and after being duly sworn before some justice of the peace faithfully to view, mark and locate the road, proceed to lay out and locate the same: *Held*, that in order to show a legal road under such act by the action of the commissioners, it was necessary to prove that they took the oath before proceeding to make the location.

2. SAME—*recital in commissioners' report as to taking the oath—its sufficiency.* In such case, a recital in the commissioners' report that they were duly sworn, without stating they were sworn to perform the duties imposed by the act, or to perform any duty whatever, is insufficient to prove that the commissioners were legally sworn before acting, and fails to show their authority to locate the road and make the field notes or report.

3. EVIDENCE—*certificate of justice—how proven, out of his county.* The certificate of a justice of the peace that certain commissioners appointed by the legislature to survey, mark and locate a road, were duly sworn before him, according to law, is not, without other proof, admissible in evidence out of such justice's county. To entitle it to be read in evidence, there should have been proof that he was a justice of the peace of his county. The statute provides that the county clerk's certificate of that fact shall be evidence that such person was a justice of the peace, duly commissioned, etc.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in equity, filed by appellees, to enjoin appellant from removing the fence on the opposite sides of a field, where it is claimed a road enters and passes through the field. Complainants deny that there is any regular, legally laid or established road that passes through the field, and defendant claims there is, and justifies his acts on the ground that he is a road commissioner, and has a right, and that it is his duty, to remove the fence as an obstruction, and keep the road open and free to travel by the public. These are the grounds of the controversy.

Mr. M. SCHÆFFER, and Mr. T. E. MERRITT, for the appellant.

Mr. HENRY C. GOODNOW, and Mr. WM. WALKER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was previously before us, and is reported in 105 Ill. 354. Appellant relies for a reversal on the proposition that there was a road established by user; that a road was, in 1842, located and established by commissioners regularly appointed by the county commissioners of Marion county, and by commissioners appointed under the act of the General Assembly of the 27th of February, 1847, (Sess. Laws, p. 93,) at the places where the fence was opened; that the road thus obstructed passed over the land of appellees; that they fenced it and closed up the road; that appellant, as road commissioner, removed the fence at the two places thus obstructed, as it was his duty to do.

As to the question whether a public road was acquired by user, or was proved to have been established by commission-

ers appointed by the order of the county commissioners of Marion county, the evidence does not differ materially from that in the record when the case was here before. If there is anything additional, it is more favorable to appellees than it then was. We shall therefore not discuss these questions.

On the question whether it became a legally laid out road by the commissioners appointed by the act of 1847, there is much additional evidence; but it is urged that there is still a want of evidence to prove a legally established road under that act. The second section of the act required the commissioners, or a majority of them, to meet at Keysport on some day previous to the first day of August next thereafter, and after being duly sworn before some justice of the peace faithfully to view, mark and locate the road, should proceed to do so, as above described. It is insisted that there is no evidence that the commissioners met within the limited time. The county clerk of Clinton county produced a certificate, purporting to be that of a justice of the peace of that county, which, he testified, after thorough and diligent search was all he was able to find in his office referring to the location of the road. Omitting the venue, it is this:

"I, James Russell, a justice of the peace of said county, do certify that on the 26th of July last, Alexander Myatt, Thomas Keys and William McAdams, commissioners appointed by the legislature of Illinois to survey, mark and locate a road from Salem, in Marion county, by Keysport and McAdam's mill, in Clinton county, to Highland, in Madison county, were duly qualified before me, according to law.

"Given under my hand and seal, this 6th day of September, A. D. 1847.

JAMES RUSSELL, J. P. [Seal.]"

This certificate was read in evidence, over the objections of complainant. It was offered in evidence in another county than that in which he is claimed to have been a justice of

the peace, and to entitle it to be read and considered as evidence there should have been evidence that he was a justice of the peace of Clinton county. The 17th section of chapter 51 provides for the manner in which proceedings before a justice of the peace may be authenticated to be used in another county. It requires for such purpose that the county clerk shall certify that the person was at the time a justice of the peace, duly commissioned. Accompanying this certificate there is no certificate of the county clerk, as required by the statute, to entitle it to be read in evidence. It is, however, insisted, that what purports to be a report of the commissioners recites they were duly sworn. They, however, fail to state that they were sworn to perform the duties imposed by the act, or to perform any duty whatever. This recital we regard as insufficient to prove that requirement was performed. In the case of *Durham* v. *Mulkey,* 59 Ill. 91, which was a case for the assignment of dower, a recital in the report that the commissioners were duly sworn in open court, was held not to be sufficient,—that the statute prescribed duties that they should swear they would perform, and it must appear they took the oath as prescribed by the statute, and for want of a certificate that they had taken the required oath their report was held insufficient. In the case of *Tibbs* v. *Allen,* 27 Ill. 119, it was held that inasmuch as the commissioners did not swear that they would make partition "in accordance with the judgment of the court as to the rights and interests of the parties," the oath was insufficient,—that it was not a compliance with the requirements of the statute. The act of 1847, like the partition statute, requires the commissioners to take an oath that they will perform specified acts; and inasmuch as the proceeding is summary, all material requirements must appear to have been complied with to render the proceeding binding. The commissioners were not empowered to act until they took the prescribed oath, and to sustain a summary proceeding of this

character it must appear that this essential requirement was performed. This is the doctrine of the cases referred to above.

But it is said that the case of *School Directors* v. *School Directors*, 73 Ill. 249, sustains the recital that the commissioners were sworn. In that case, on the formation of a new school district, it was held that the failure to file a plat of the school districts in the township was not an essential requisite to the valid organization of the district,—that it was necessary to enable the clerk to extend the school taxes on the property in the district, but not as to the legal organization of the new district. That was unlike this case. That was an act required to be performed after all the legal steps had been performed necessary to organize a new school district; but here the requirement was the first step necessary to authorize the commissioners to proceed to lay out the road. The two acts are wholly and essentially different.

Even if this paper purporting to be a report, and the paper purporting to be field notes, were filed as required, were lodged in the office by some unknown person, at an unknown time and for some unknown purpose, and were in other respects unobjectionable, it fails to appear that the commissioners were sworn as the statute specifically required, and if not, they were not authorized to locate the road, or make the field notes or report.

Perceiving no error in the record, the decree of the court below must be affirmed.

*Decree affirmed.*