53    53
672   536

BOWDEN V. BLAND.

Decided March 15, 1890.

1. *Married woman's deed—Reformation.*

A court of chancery cannot reform the deed of a married woman, not act-
ing as a *feme sole*.

2. *Mistake as to estate conveyed—Curative acts.*

Where husband and wife join in a conveyance of the wife's land, which
by mistake conveys only a dower interest on the wife's part, although
she intended to convey her entire estate, the acts of 1883 and 1885,
curing defectively acknowledged deeds, do not operate to convey her
entire estate.

APPEAL from *Drew* Circuit Court in Chancery.

C. D. WOOD, Judge.

*W. S. McCain* and *Wells & Williamson* for appellants.

Courts of equity do not reform contracts of married
women.    39 Ark., 120; 17 Ohio, 185; 10 Ohio, 305; 27
Conn., 111; Oliphint's Digest, 264.

*Harrison & Harrison* for appellees.

In case of a clear mistake, equity will reform a married
woman's deed, executed in pursuance of the provisions of the
statute.    The remark of Judge Smith in 39 Ark., 120, is
*obiter dictum*.   The cases cited by appellants were all cases of
defective execution, because of failure to comply with the
statute.    See note to 19 Am. Dec., 225; 48 Ark., 498;
60 Ind., 413; 62 Ind., 481; 63 Ind., 294; 76 Ind., 547:
2 Des. (S. C.), 84; 2 Head, 208; 12 Lea (Tenn.), 617;
90 N. C., 222; Wright, 81, 82; 16 Ohio St., 535; 33
Ohio St., 155, 165; Devlin on Deeds, 572.

HUGHES, J.   Appellants brought an action of ejectment for
an undivided one-seventh interest in the "Wiley place" in

Drew county, alleging that the plaintiffs' ancestor, Catherine Bowden, inherited a one-seventh interest in the land from her father, Edward Wiley, who died seized of the land; that plaintiffs inherited from said Catherine, and that defendants are in possession under a deed made in 1882 by Catherine's husband, Jesse Bowden, Sr., tenant by the curtesy, to one Bowling, under whom defendants (appellees) claim by mesne conveyances; that Bowden, the tenant by the curtesy, is dead, and that defendants (appellees) refuse to surrender; pray judgment for possession and for rents and profits. Defendants answered admitting the above facts, but stating as a defense, that Catherine Bowden, the maternal ancestor of the plaintiffs, intended to join her husband in the deed to Bowling as a grantor in fee, but that, by mistake of the parties and the draughtsman who prepared the deed, it was so worded as to purport to convey only a dower interest in the land upon her part. They pleaded the statute of limitations, which, however, is not insisted on in the brief of counsel, and will be treated as waived. They made their answer a cross-complaint; averred that the plaintiffs as heirs of Jesse Bowden had inherited from his estate assets equal in value to their interest in the land in controversy; that they had made valuable improvements upon the land, pleaded a counter-claim, prayed that plaintiffs' complaint be dismissed and that their title be quieted. The cause was transferred to equity. Appellants demurred to the cross-complaint and counter-claim. The demurrer was overruled, and they excepted.

The appellants then filed their separate answers to the counterclaim and cross-complaint of appellees, and the chancellor having found the facts alleged in the answer to be true as to the intention and purpose of Mrs. Catherine Bowden in the execution of the deed to Bowling, dismissed plaintiffs' complaint, decreed reformation of Mrs. Bowden's deed, and that the title of appellees be quieted. Appellants prayed an appeal and brought the cause to this court.

The main question presented in the case is, has a court of chancery the power to reform the deed of a married woman made in 1852? The deed of Mrs. Catherine Bowden is not defective in execution or acknowledgment; it is executed in good form and properly acknowledged. But it is the deed of the husband in fee to the wife's land, in which the wife joined, purporting only to relinquish a right or possibility of dower.

In *Martin et al. v. Hargardine*, 46 Ill., 322, it was adjudged that, "Where the husband and wife joined in the execution of a mortgage, which by mistake described the wrong tract of land, a court of chancery has no power to correct the mistake, so that the relinquishment of dower shall apply to land not described in the mortgage, although such land was intended by all the parties to be described therein." At common law, a married woman had no power to convey her land, except by fine and recovery, and it is only by statutory enlargement of her powers that she can now do so. "The conveyance of a *feme covert*, except by some matter of record, was absolutely void at law." "If there is a defect in a wife's conveyance, rendering it void at law, it is equally so in a court of equity; and the latter tribunal has no jurisdiction to cure it, or compel a conveyance from her in due form; even though the purchase money has been paid." 2 Kent's Com., 150; 1 Bishop on Married Women, sec. 599; *Leonis v. Lazzarovick*, 55 Cal., 52; *Drury v. Foster*, 2 Wallace (U. S.), 24; 10 Paige's Chy. Rep., 342; 40 Md., 387; 12 Allen, 476. By a decided weight of authority, it is well settled that a court of chancery cannot reform the deed of a married woman not acting as a *feme sole*. It is well settled in this State that a court of equity will not decree specific performance of a married woman's agreement in writing to convey her land. *Milwee v. Milwee*, 44 Ark., 112; *Rockafellow v. Oliver et al.*, 41 Ark., 169; *Felkner v. Tighe et al.*, 39 Ark., 357; *Wood v. Terry*, 30 Ark, 385; *Rogers v. Brooks*, 30 Ark., 612; *Stidham v. Matthews*, 29 Ark., 650.

2. Mistake as to estate conveyed by married woman—Curative acts. This being true, a court of equity could not decree that the intention of a married woman, not expressed in her deed, to convey the fee in her lands should be enforced. Do the curative acts of 1883 and 1885 make this deed of Mrs. Bowden effective? The first was passed in March, 1883, and was substantially re-enacted in 1885 (Acts 1885, page 191), as "An act for the better quieting of titles," and is as follows: "All deeds and other conveyances recorded prior to the first day of January, 1883, purporting to have been acknowledged before any officer, and which have not heretofore been invalidated by any judicial proceeding, shall be held valid to pass the estate which such conveyances purport to transfer, although such acknowledgment may have been on any account defective."

The second of these acts, passed 14th of March, 1883, is entitled "An act to cure defective acknowledgments," and is as follows: "All conveyances and other instruments of writing authorized by law to be recorded, or which have been heretofore recorded in any county in this State, the proof of the execution whereof is insufficient, because the officer certifying such execution omitted any words in his certificate, * * * * * * shall be valid and binding as though the certificate of acknowledgment or proof of execution was in due form." In *Johnson v. Parker*, 51 Ark., 421, Chief Justice Cockrill, delivering the opinion of the court, said: "In the case of *Johnson v. Richardson*, 44 Ark., 365, we ruled that these provisions of the statute validated a previously defective acknowledgment of a relinquishment of dower, and that no vested right was disturbed thereby. In that case, however, the certificate of the officer showed that the wife had made an ineffectual effort to relinquish dower, and the curative acts were permitted to supply the defect in the certificate. * * * * * * But when the acknowledgment is in form for that purpose, the fact that the wife joins in the deed with her husband, as grantor, is sufficient to bar her dower, even

though there is no clause in the deed expressly relinquishing it (*Dutton v. Stuart*, 41 Ark., 101).    *    *    *    *    *

"If she joins with her husband in the conveyance, as a grantor, her estate passes. The deed is sufficient to pass her title, right or interest, whatever it may be, provided, only the requirements of the statute as to acknowledgments are observed. A deed of general warranty purports to convey a perfect title or estate.    *    *    *    *    *    *    Our statutes are designed to operate upon the ceremony of the execution of conveyances, a subject wholly within the control of the legislature, and as was said in Mrs. Richardson's case *supra*, the power which prescribed the form to be observed in the execution of a conveyance has said that a non-compliance with it shall be excused, in order that the contract made by the parties shall have effect according to its purport."

But as the deed does not purport to convey the fee, but only a dower interest, and is not defective either in execution or acknowledgment, the curative acts do not apply. There is nothing for them to operate upon. It, therefore, follows that the chancellor erred in overruling appellants' demurrer to the cross-complaint of the appellees.

The decree is reversed, and, as there seems to be an agreement of counsel, implied from their briefs in the case, that the appellees are entitled to betterments, the clerk of this court is directed to ascertain and state the value of same.