Anna M. Trenchard, Defendant in Error v. Joseph Trenchard, Plaintiff in Error.

## Gen. No. 14,531.

1. DIVORCE—*when allegations of extreme and repeated cruelty sufficient.* *Held*, that the averments of the bill of complaint in this case were true and warranted a decree of divorce upon the ground of extreme and repeated cruelty.

2. DIVORCE—*when findings sustain decree.* If a decree finds that one of the specific statutory grounds for divorce has been proved, it is sufficient.

3. PLEADING—*when replication waived.* If the parties proceed to a hearing and testimony is taken without objection, they will be deemed to have waived the filing of a replication which is a mere formal pleading averring the truth of the allegations of the bill, and denying the truth of those of the answer.

Divorce. Error to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed October 29, 1909.

MATTHEW P. BRADY, for plaintiff in error.

ALBERT H. MEADS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

On July 25, 1907, defendant in error, Anna M. Trenchard, filed her bill against plaintiff in error, Joseph M. Trenchard, in the Circuit Court, for a divorce on the ground of extreme and repeated cruelty, specifying the acts of cruelty.

Plaintiff in error answered the bill, admitting the allegations as to residence in the county and State, the marriage and the birth of the child, but denying each and every specific act of cruelty set up in the bill. No replication was filed.

October 27, 1907, the cause was heard upon the bill and answer and testimony taken in open court, and a

decree was entered finding "that the defendant has been guilty of extreme and repeated cruelty as charged in the complainant's bill of complaint," and adjudges and decrees a divorce.

No certificate of evidence was filed in the case.

Plaintiff in error contends that the decree should be reversed because the case stated in the bill does not warrant the decree. We think the averments of the bill, if true, warrant the decree. Sharp v. Sharp, 116 Ill. 509; Ward v. Ward, 103 *id*. 477.

The second ground of error for which it is contended that the decree should be reversed is that the cause having been heard on the bill and answer, without replication, and all the allegations of fact being clearly and unequivocally denied by the answer, the allegations of the bill are to be taken as disproved, and therefore the decree is manifestly wrong.

The answer to this contention is that the cause was not set down for hearing on the bill and answer, but, it appears from the decree itself that testimony was heard in open court in support of the bill. The bill expressly waived answer under oath, and the answer must be considered as a mere pleading for the purpose of joining issue on the allegations of the bill. If the parties proceed to a hearing and testimony is taken without objection, they will be deemed to have waived the filing of a replication which is a mere formal pleading averring the truth of the allegations of the bill, and denying the truth of those of the answer. Jameson v. Conway, 10 Ill. 227, 230; Durham v. Mulkey, 59 Ill. 91; Chambers v. Rowe, 36 *id*. 171; Jones v. Neely, 72 *id*. 449; Unity Co. v. Equitable Trust, 204 *id*. 595.

It is further contended that the decree is not supported by evidence preserved in the record by a certificate of the evidence given at the hearing, nor by specific findings of facts in the decree, proved on the hearing, and it must therefore be reversed for want of such support.

We are of the opinion that the finding of the decree above set forth is sufficient to sustain the decree, without a certificate of the evidence.   Milashwskis v. Milashwskis, 140 Ill. App. 501.   We think that the finding in this decree is very different from the findings before the court in Ohman v. Ohman, 233 Ill. 632, where the decree found "that the allegations in the said bill contained are true as therein stated, and the equities of this cause are with the complainant." In the decree before us one of the statutory grounds for divorce is specifically found.

Finding no error in the record, the decree is affirmed.

*Affirmed.*