FULLER, guardian, vs. FELLOWS.

DEED: *Patent ambiguity.*

A deed to real estate must describe it with sufficient certainty to locate it; and when the section and subdivisions thereof are set out, and nothing more, it is a patent ambiguity and cannot be aided by parol evidence. Nor will such a reference to the homestead as may raise a presumption that the grantor resided on the land, aid the description.

APPEAL from *Ouachita* Circuit Court in Chancery.

Hon. JAMES T. ELLIOTT, Circuit Judge.

*Compton, Martin & Parsons*, for appellant.

The uncertainty in the description of lands in the trust deed of appellant is a latent one, and may be removed by parol proof. *Haslip* v. *Noland*, 6 Sm. & Mar., 294; *Harris* v. *Doe*, 4 Blackf., 369; *Doe* v. *Jackson*, 1 Sm. & Mar., 494; *Turney* v. *Goodman*, 1 Scam., 184; *Middleton* v. *Perry*, 2 Bay., 539; *Haven* v. *Brown*, 7 Greenl., 421; *Wing* v. *Burgess*, 1 Shep., 111; *Bradley* v. *Wash., Alex. & Georgetown Steam Packet Co.*, 13 Pet., 89; *Chamberlain* v. *Letson*, 2 South., 452; *Glanton* v. *Anthony et al.*, 15 Ark., 543; at least its acknowledgment and record was sufficient to put Fellows upon notice. *Beyannum* v. *Hyatt*, 1 Sm. & Mar., Ch. Rep., 437; *Green* v. *Bodley*, id., 338; *Green* v. *Slayter*, 4 John., Ch. Rep., 39; *Johnson* v. *Stagg*, 2 John., 510; *Pike* v. *Collins*, 33 Maine, 45; *Wilcox* v. *Hill*, 11 Mich., 263; *Vol. xxx.—42.*

*Parkest* v. *Alexander*, 1 Johns. Ch., 394; *Merrick* v. *Wallace*, 19 Ill., 498.

*Cockrell*, for appellee.

The deed of trust for appellant is void for uncertainty. *Bailey* v. *White*, 4 N. H., 337; *Jackson* v. *Woodruff*, 1 Cowen, 285; *Wilson* v. *Inloes*, 6 Gill. (Md.) 121; 3 Ark., 57. The description must be sufficiently certain in the deed. 3 Wash. R. P., 344, 331; 4 Bac. Ab. "Grant" (H). 521; 4 Comyn Grant E. 14; Adams Eq. Ju., 25 and n; 4 Crouise Dig., 206, sec. 29; 221, sec. 23; *Holly* v. *Curtis*, 3 How. (Miss.) 231; *Kea* v. *Robeson*, 5 Ind., (N. C.) Eq., 375; *Neil* v. *Hughes*, 10 Gill. & J., 7; 3 Pet., 96; 6 Pet., 345; 10 Pet., 329; 5 How. (U. S.) Eq. 26; 4 Mass., 205; 13 Johns., 102; *Mussick* v. *Sunderland*, 6 Cal., 297; *Montgomery v. Johnson*, MSS. Ark. Supreme Court.

Parol evidence, therefore, not admissible. 1 Pick. (Mass.) 31; 3 How. (Miss.) 231 *supra*; 16 Mass., 86; Sugd. on Ven. 114, 115; 1 Green. Ev., sec. 297; 1 Sug. Ven. 181-3; 2 Hill R. R., 345-6; 3 Phil. Ev., 1366; 11 Mass., 29; 6 Pet., 345; especially after the trust deed to Barker. 3 Wash. R. P., 332; *Prescott* v. *Hawkins* 16 N. H., 122, 127; *Grey* v. *Hernbeck*, 31 Mo., 400.

See Rose's Digest, 543 as to mortgages. *Hannah* v. *Carrington*, 18 Ark., 105.

WALKER, J.:

In this case there is a contest for certain lands in Ouachita county, Ark., between Fuller, as guardian, and Fellows.

Both parties claim to derive title from Lucius J. Greening, who appears to have been indebted to both of them.

To satisfy these debts, Greening, on the first day of February, 1867, executed a deed of trust to John Brown, for the benefit of Fuller, with power of sale of the lands, describing them by subdivisions of certain sections, neither township, range, county nor State is given.

This deed was acknowledged and made of record, after which, on the 2d day of October, 1867, Greening executed another deed of trust to George M. Barker for the benefit of Fellows, in which lands of the same local subdivisions were described, with township, range, county and State. This deed was also acknowledged and recorded.

After which, sales of the land were made by the trustees, under both deeds of trust, and the land purchased by both Fuller and Fellows, under their respective deeds of trust.

Fuller having first purchased, deeds were made by the trustees to Fuller for land sold under his deed, and to Fellows for those described and sold under his deed.

Fellows contends that although the deed executed to Brown for the benefit of Fuller was first executed, and recorded, that it was void for uncertainty in the description of the land.

On the other hand, Fuller admits that the description of the land was not sufficient to designate any particular tract of land. But that as there was in the deed to Brown, the trustee, an express reservation of the homestead of Greening from sale, that this reservation pointed to the particular tract with such certainty that it might be, by evidence, ascertained what particular subdivisions were intended to be conveyed.

Under the state of case presented we are of opinion that this could not be done. The description must be found in the deed with sufficient certainty to locate the land. *Doe* v. *Porter*, 3d Ark., 18; *Mooney* v. *Cooledge, ante.*

That there was no such certainty in the description given of the land intended to be conveyed, is evident. The deed describes certain parts of quarter sections, but altogether fails to give any description of township, range or county. This is a patent omission. Phillips says, "extrinsic evidence is admissible to identify the thing, as well as the person intended by the maker

of the instrument. That is, to enable the court to interpret his words, and to determine whether the description applies to the to the thing claimed." 2 Phillips, p. 716.

There were no ambiguous terms in this deed, nothing to interpret, the terms were all plain, and the description perfect as far as it went. But it was patent, that a further description was necessary. And whilst parol evidence is admissible to explain what is meant by the use of terms, as for instance, if the grant be of a tract called "black acre," evidence is admissible to show what tract was intended to be conveyed by that description, but where there is a lack of description a neglect to describe, there is nothing which can be explained or made plain by parol evidence, such evidence, if admissible, would add to the description, but not explain that given in the deed.

The instruction to the trustee to reserve a homestead, may raise a presumption that the grantor resided upon the land, but nothing more, and we think it did not aid the description given, so as to make it more certain.

If this had been an action brought by Fuller against Greening to have the omission supplied, a different question as to the admissibility of parol evidence would arise. But in this case, it is a contest for title, between third parties, each claiming title under deeds of trust, required to be recorded.

The object of recording was to put upon record such description of the property, as to identify it, and give notice to all subsequent purchasers, what particular tract or parcel of land was encumbered. Recording this deed furnished no such evidence to Fellows. When he took his deed from Greening, he stood to all intents, an innocent purchaser without notice, and it cannot be, that Fuller should be permitted to introduce evidence, such as would identify and make certain that which was not so at the time Fellows acquired title.

Let the decree of the court be in all things affirmed.