## COOPER *v.* NEWTON.

### Opinion delivered April 21, 1900.

1. EJECTMENT — DEFENSE.— A defendant in ejectment having no title to, or right to possession of, the land in controversy is not in a position to invoke the doctrine of estoppel or laches, nor to question the *bona fides* of plaintiff who holds under a perfect record title. (Page 153.)

2. DEED—PATENT AMBIGUITY.—A deed which describes the land sought to be conveyed as "3.05 acres in unplatted lands of Gurdon, situated on the east side of southwest quarter of southwest quarter of section twenty-eight, township nine south, range twenty west," without further means of identification, is void for patent ambiguity. (Page 154.)

3. BONA FIDE PURCHASER—WHO IS NOT.—One who took a quitclaim deed from the holder of the legal title of land, knowing that such grantor had previously sold the land to another, who had paid a valuable consideration therefor, and taken and maintained possession thereof, but whose deed was void for a patent ambiguity, is not a *bona fide* purchaser. (Page 155.)

Appeal from Clark Circuit Court.

OSCAR D. SCOTT, Special Judge.

#### STATEMENT BY THE COURT.

This suit was brought at law for the following lands, to-wit: "A strip of ground lying north of and adjoining block No. 2, being 525 feet in length on its east and west sides, and 280 feet in width on its north and south sides, being in Huff-

man's survey, and being also a part of the southwest quarter
of the southwest quarter section 28, in township 9 south, range
20 west; lot 6 in block 1; lots 5 and 6 in block 2 [and other
lots and parcels which defendant disclaims to own],—all in the
town of Gurdon, Clark county, Arkansas." The plaintiff de-
raigns title by quitclaim deed from N. M. Huffman, a married
woman. The deed is regular on its face, and expresses a con-
sideration of $5.

The defendant admits the claim of title set out by plain-
tiff as being correct down to the quitclaim deed under which
plaintiff claims, but says that, at the time this deed was exe-
cuted, Mrs. Huffman, plaintiff's grantor, had no title to said
lands. Defendant claims title to lot 6 in block 2 by virtue of
a deed from A. J. Widener and wife to the firm of Newton &
Co., and to lot 5 in block 2, by virtue of a deed from Nee
Anderson to Newton & Co., and to lot 6 in block 1 by virtue
of a deed from G. W. Skinner, and to the residue of the land
in controversy here, *i. e.* the tract or parcel described as "a
strip of ground lying north of and adjoining block No. 2,"
etc., as set out *supra*, by virtue of a deed from Mrs. N. M.
Huffman, plaintiff's grantor, executed to the firm of Newton
& Co. in November, 1891. This deed is exhibited. The con-
sideration therein named is $150 for the said tract and other
lands. This particular tract is described in said deed as "three
and five hundredths (3.05) acres in unplatted lands of Gur-
don, situated on the east side of southwest quarter of
southwest quarter of section 28, township 9 south, range
20 west." The defendant, Newton, alleges that the firm of
Newton & Co. was dissolved, and that in the division of the
assets of said firm the deeds and the interest in the lands men-
tioned above of the firm of Newton & Co. were transferred to
him. He alleged that he went into possession under the deeds,
and that his possession of lots 5 and 6 in block 2, and that of
his grantors, was open, exclusive, continuous, and hostile for a
period of more than seven years. He denies that the plaintiff
Cooper paid any sum whatever for the lands, and says that, if
he purchased, it was with actual notice of defendant's equities.
Estoppel and laches are pleaded. The answer prays that the

conveyance from N. M. Huffman to plaintiff, in so far as it attempts to pass title to the lands claimed by defendant, be declared a cloud upon his title, etc., and for all other relief.

The cause was by consent transferred to equity. The decree of the court was in favor of the plaintiff, Cooper, for lot 6 in block 1 and lots 5 and 6 in block 2, and other lots and parcels which defendant disclaimed, and in favor of defendant Newton for the 3.05 acre tract. Both parties appealed.

*Jno. E. Bradley*, for appellant.

Appellee is not a *bona fide* purchaser from Mrs. Huffman. A *bona fide* purchaser is one who, in all honesty and good faith, has purchased, without notice of the intervening rights of another, for valuable consideration actually paid in full before notice. 16 Am. & Eng. Enc. Law, 828–834; Bishp. Eq. §§ 275, 262; 30 Ark. 417; 37 *ib.* 195; 47 *ib.* 533. Taking the quitclaim deed for a nominal consideration is sufficient to put a subsequent purchaser on notice. 50 Ark. 322; 23 *ib.* 735; 49 *ib.* 207. Even if the description be defective, neither the grantor nor her subsequent grantee can take advantage of it. 50 N. E. 1071. The deed will be construed most favorably to the grantee. Tied. R. Prop. §§ 827, 841; 1 Demb. Land Tit. 34, 39. The deed may be aided by reference to the plat in evidence. 40 Ark. 237; 28 Ark. 146; Bisph. Eq. 258; 1 Greenleaf, Ev. §§286–8. Laches and fraud estop both Mrs. Huffman and appellee. 55 Ark. 85. 56 *ib.* 497; 58 *ib.* 84; 63 Am. St. Rep. 169; S. C. 20 So. 727. On the question of fee in roads, streets, etc., see 1 Demb. Land Tit. 177, 72–81; 39 S. W. 978.

*J. H. Crawford*, for appellee.

The deeds to Newton & Co. were void. 36 Ark. 456, 464; 60 *ib.* 562; 135 U. S. 634; Tied. Real Prop. § 789; 162 Ill. 222. A purchaser is not affected by constructive notice of anything which does not lie in the line of his title. 35 Fed. 446; 48 Ark. 409. Appellee is not estopped. Estoppel must be specially pleaded. Bliss, Code Pl. § 364; 93 Ind. 570; 12 Ark. 773. In order to work an estoppel *in pais*, the party estopped must have remained silent when a duty to speak de-

volved upon him.    55 Fed. 895, 901; 33 Ark. 465; 50 *ib.* 128;
2 Herm. Est. § 787.    The one pleading it must have been mis-
led to his prejudice.    36 Ark. 97, 114; 96 U. S. 659; 52 Pa.
St. 498; 2 Pom. Eq. § 808.    No estoppel is created by mere
silence unless there are some special circumstances which render
it necessary to speak.    2 Herm. Est. § 937; 50 Ark. 128; 39
Ark. 131; 63 Ark. 289, 300; 49 Ark. 336; 53 Ark. 196; 64
Ark. 628.    The deed to appellant was void for patent and in-
curable ambiguity.    A patent ambiguous description in a deed
cannot be cured by parol.    30 Ark. 657; 40 Ark. 237, 241;
41 Ark. 495; 60 Ark. 487.

WOOD, J., (after stating the facts.)    The defendant con-
cedes that the title to the lands in controversy is deraigned
through Mrs. N. M. Huffman.    Plaintiff, Cooper, by his quit-
claim deed from Mrs. N. M. Huffman, shows a *prima facie* per-
fect title to the lands claimed in his complaint, which gives him
the right to recover same, unless there is proof that defend-
ant has a better title.    There is no proof whatever of any title
in Newton to lot 6 in block 1.    No proof of the allegations in
the answer as to the purchase of this land from Skinner is ad-
duced, no deed is exhibited from N. M. Huffman to Skinner or
other grantee, nor from Skinner to Newton.

As to lot 5 in block 2, Newton testified that it was sold to
Newton & Co. by Nee Anderson on the 13th of June, 1891;
that the company took immediate possession, and held same un-
til it passed to him by dissolution of the firm, and that he had
held exclusive and adverse possession until the institution of this
suit.    A deed, executed June 13, 1893, from Anderson to New-
ton & Co. was exhibited, but no title whatever is shown from
N. M. Huffman to Anderson.    This suit was begun September
22, 1896.    It is not shown how long Anderson had been in
possession, nor the character of such possession.    There is
therefore no proof of title to this tract by adverse possession.

As to lot 6 in block 2, Newton testifies of its purchase by
Newton & Co. on June 13, 1891, from A. J. Widener and wife.
A deed from them is exhibited, and Newton shows that the firm
went into immediate possession of same under this deed.    He
also shows that Widener had been in the exclusive possession

of this lot prior to his conveyance to Newton & Co. for about one year. Here, again, there is a missing link in the chain of title from N. M. Huffman, the common source of title. No deed is shown from her, or any grantee of hers, to A. J. Widener, defendant's grantor. Proof of the possession of this lot by Newton and his immediate grantor is shown for a period of more than seven years before the institution of this suit. But, Mrs. Huffman being a married woman, the statute of limitations did not begin to run as to her. *Fox* v. *Drewry*, 62 Ark. 316; *Rowland* v. *McGuire*, 64 Ark. 412. The deed from Mrs. Huffman to Cooper was executed on the 12th day of August, 1896. The statute of limitations therefore as to this lot did not begin to run against Cooper before that date. Under the pleadings and proceedings here, the doctrine of estoppel and laches as against Mrs. Huffman, and Cooper as her grantee, cannot be applied. Newton himself, having no title or right to the possession of these lots, so far as the record discloses, is not in a position to invoke the doctrine of estoppel or laches, nor to question the *bona fides* of one who does show a perfect record title.

The decree of the court as to the other tract is as follows: "As to the 3.05 acres tract, lying in said Huffman's addition, and north of block 2 therein, the deed thereto from Mrs. N. M. Huffman is a nullity as a conveyance; but the evidence shows that the defendant orally purchased this particular tract from Mrs. N. M. Huffman or her agent, and paid her for the same; was in possession thereof ever afterwards, and at the time plaintiff purchased." The court was correct in finding the deed void for patent ambiguity. It would be impossible to locate or identify the lands from the description contained in the deed, nor is there any reference therein to any map, plat, record, or any extraneous objects or boundaries, by the aid of which the lands might be definitely ascertained. If, as alleged in the answer, the lands had been described in the deed as 3.05 acres in unplatted lands in Huffman's addition to Gurdon, situated on the east side of the southwest quarter of southwest quarter section 28, etc," the description in the deed might have been aided by reference to the plat of

Huffman's addition, and might have been effectual to convey the title, if the 3.05 acres could have been located by reason of said plat. But an inspection of the deed shows that there is no mention in it of "unplatted lands in Huffman's addition to Gurdon," but only of "unplatted lands of Gurdon." The plat of Gurdon in evidence shows unplatted lands, or lands not laid off into town lots or blocks, in other additions than Huffman's. The deed was a nullity as a conveyance because of the imperfect description of this 3.05 acres. *Fuller* v. *Fellows*, 30 Ark. 657; *Dorr* v. *School Dist.*, 40 Ark. 237, 41; *Freed* v. *Brown*, 41 Ark. 495; *Tatum* v. *Croom*, 60 Ark. 487.

The only question, then, is, did the defendant have equities in the land superior to the rights of the plaintiff under his quitclaim deed? There is no controversy here, as we understand it, but what the tract of land (other than the lots) for which Cooper sues, and which is described by a correct and definite description in his quitclaim deed from N. M. Huffman, is the identical tract of land which was attempted to be conveyed by N. M. Huffman to Newton & Co. under the imperfect description above mentioned. Cooper himself testified: "I know the lands in controversy in this action. I remember about the time that a deed from N. M. Huffman to Newton & Co. was executed, conveying certain lots in the Huffman's addition to the town of Gurdon. Prior to the time Mrs. Huffman made said deed to Newton & Co., she had a three-acre fractional tract lying on north end of said Huffman's addition enclosed. My impression is that all the rest of the land in controversy was not enclosed at the time said deed from N. M. Huffman was made to Newton & Co." And on cross-examination: "I have known the land in controversy since 1881. Mrs. Huffman was the owner and in possession of the land in controversy about that time. I know of no change of possession of ownership of said land from that time until the purchase of Newton & Co." This testimony shows clearly that Cooper knew that the tract of land we are now considering was purchased by Newton & Co. of Mrs. Huffman. He had actual knowledge of it, according to his own proof, and that there was a change of possession by virtue of such sale from Mrs. Huffman to Newton & Co. His language plainly implies this. What more is necessary to

determine this case? The answer alleges that Cooper was not a *bona fide* purchaser. It would be a fraud to permit Cooper, who had actual knowledge of the purchase of this very tract of land by Newton & Co. from Mrs. Huffman, and who, the proof shows, knew of the deed in which the land was imperfectly described, to take advantage of the imperfect description, buy the same land for almost a nominal consideration from Newton & Co.'s grantor, and, under a quitclaim with a perfect description, to oust the one whom he knew had been in possession for several years under a *bona fide* purchase.

Not only does Cooper's own testimony show the purchase of this tract of land from Mrs. Huffman by Newton & Co., but T. D. Huffman testified "that in the making of the said deed I acted as the agent of my wife, and conducted all the negotiations leading up to said deed as her agent." The deed here referred to was the deed of Mrs. Huffman to Newton & Co. of November 30, 1891, which was intended to convey the tract of land now under consideration. In one place in his testimony, Huffman states that he never put Newton & Co. in possession of the lands sued for, except to turn over the deed, and again he says: "I know I only sold Newton & Co. or A. W. Newton the lands contained in that deed, and did not put him or either of them in *possession of any other lands.*"

Newton testified in part as follows: "About two years prior to the date of the deed from N. M. Huffman and T. D. Huffman, I made a contract verbally with T. D. Huffman, the the husband of N. M. Huffman, for the purchase of a portion of the land described in the deed from said Huffman to Newton & Co., as 3.05 acres in unplatted lands in Gurdon. Later, on the 30th day of November, 1891, said Huffman and wife executed and delivered their deed to said lot, together with other lots, to said Newton & Co., and authorized said company, through me, to take immediate possession of the same, which was done within two or three days after the execution of said deed. Two or three days before said deed was executed and delivered, T. D. Huffman went with me to the land, and showed it to me, with the metes and bounds. This lot was at the time enclosed under a fence, the fence running

practically with the line or boundary of the lot." After the dissolution of said firm [Newton & Co.] said lot, together with other land named in said deed to Newton & Co. as part of the assets of said firm, immediately passed into my possession." This proof, together with the deed itself, which the court properly held might be taken to show a receipt of $150 from Newton & Co. to Mrs. Huffman, shows clearly, we think, that Mrs. Huffman sold the land in controversy to Newton & Co., and that the purchase money was paid, and that under such sale Newton & Co. took possession. The deed was void as an instrument to convey the title to the land, but it was good as an evidence of the receipt of the purchase money, and that such purchase money was for land. What land the parties intended to convey is shown clearly by the proof. We are of the opinion that the evidence was sufficient to show a contract for the sale of this particular tract of land; that possession was obtained solely under such contract, and with reference exclusively to it, taking the case out of the statute of frauds, under our decisions. *Keatts* v. *Rector*, 1 Ark. 391; *Cain* v. *Leslie*, 15 Ark. 312; *Rhea* v. *Puryear*, 26 Ark. 344; *Pindall* v. *Trevor*, 30 Ark. 249; *Pledger* v. *Garrison*, 42 Ark. 246.

Certainly, under the facts disclosed by this record, Mrs. Huffman could not be permitted to eject Newton & Co., or A. W. Newton, who succeeded to the firm's equities in this land. Cooper purchased with full knowledge of all the facts, and is in no sense an innocent purchaser. He has no greater equities than Mrs. Huffman herself would have.

If the deeds made in the firm name were void at law (*Percifull* v. *Platt*, 36 Ark. 456–64; *Riddle* v. *Whitehill*, 135 U. S. 634), still, in equity, the real parties in interest and in possession may retain same until they can have the deed reformed to carry out the intention of the partners to the contract of purchase. *Percifull* v. *Platt*, *supra*; *Silverman* v. *Kristufek*, 162 Ill. 222.

Under the prayer that the conveyance from N. M. Huffman to plaintiff be declared a cloud upon defendant's title, and for all other relief, the court was justified, under the proof, in refusing to disturb defendant's possession of the 3.05

acre tract of land.   To have gone further, and reformed
the deed of H. M. Huffman to Newton & Co., and an-
nulled and cancelled the deed of Cooper, would have requir-
ed additional parties and pleadings.   Finding no error, the de-
cree is in all things affirmed.