## SMITH *v.* RUCKER.

Opinion delivered June 27, 1910.

1. BILL OF REVIEW—LEAVE OF COURT.—In order to file a bill of review, leave must be obtained from the chancellor in whose court the decree has been rendered. (Page 520.)

2. 'SAME—DISCRETION OF CHANCELLOR.—Where a bill of review is asked on the ground of newly discovered evidence, it rests within the sound discretion of the chancellor, subject to review upon appeal. (Page 521.)

3. SAME—NEW MATTER.—The new matter for which a bill of review will lie must be such as was not known to the petitioner or his attorney, or could not have been known by the exercise of reasonable diligence. (Page 521.)

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Grant Green,* for appellant.

Permission to file the bill should have been given. 36 Ark. 532; 33 Ark. 161; 47 Ark. 17; 84 Ark. 203.

*J. W. & M. House,* for appellee.

The demand on account of cotton was barred by limitation. 37 S. W. 17; 41 Am. St. R. 302; 139 Ala. 586; 64 Ark. 348; 59 Ark. 446; 70 Ark. 319; 75 Ark. 465.

FRAUENTHAL, J. This is an appeal from a decree of the chancery court refusing leave to file a bill of review to reverse a former decree of that court on account of new facts alleged to have been discovered since said decree was entered.

In December, 1906, F. T. Rucker instituted an action in the circuit court against John R. Smith upon a note for $1,500, which it was alleged had been executed by Smith & Ward, a partnership composed of John R. Smith and A. C. Ward, to the Bank of Beebe on March 4, 1904, and by said bank transferred to said Rucker.

To the complaint Smith filed an answer and cross complaint, and also a motion to make the Bank of Beebe a party to the suit and a motion to transfer the cause to the chancery court. The cause was transferred to the chancery court, and the Bank of Beebe was made a party to the action. In his answer and cross complaint Smith denied that there was anything due upon the note sued on, but alleged that it had been paid. He alleged that the firm of Smith & Ward had been engaged in the mercantile business, beginning in the year 1900, and that the note sued on was one of the debts of that firm; that the firm of Smith & Ward became financially embarrassed, and in 1905 filed a petition in voluntary bankruptcy; that shortly after the filing of said petition F. T. Rucker, who was the

cashier of the Bank of Beebe, suggested to the members of said partnership that they should attempt to make a settlement with their creditors, and that said bank would assist them by lending them the money to make the settlement, upon the agreement that the indebtedness due to the bank would be paid in full; that in pursuance of said suggestion a settlement was made with the creditors of the partnership, and that the Bank of Beebe advanced to the firm the money to pay off all other creditors; that, to secure the Bank of Beebe for the money thus advanced, they transferred and turned over to it certain notes and mortgages and the book of accounts of the partnership. He alleged that said Rucker, as cashier of the Bank of Beebe, had entire management and control of the collection of said notes and accounts, and that from these collections and also from amounts paid by Smith all the money advanced by the bank and all the indebtedness due to the bank, including the note sued on, were paid.

The Bank of Beebe and said Rucker made answer to the cross complaint, denying that sufficient collections had been made on said notes and accounts to pay off the indebtedness of Smith & Ward to the bank or to pay the note sued on. They also alleged that, for the money advanced by the bank to pay to the creditors of Smith & Ward, two additional notes had been executed to the bank, secured by mortgage on real estate, and they sought a recovery upon these notes and a foreclosure of the mortgage executed to secure their payment. The testimony which was adduced upon the trial of that cause is quite voluminous. It was introduced for the purpose of showing the collections which had been made upon said notes and accounts and the payments that had been made by Smith upon the indebtedness due by said firm to the Bank of Beebe and upon said note sued on. Upon the trial of the cause the chancellor found that the total indebtedness of the firm of Smith & Ward to the Bank of Beebe and said Rucker amounted to the sum of $6,486.59, and that the total collections made by the bank and Rucker thereon, including all payments made by Smith and others for him, amounted in the aggregate to $4,072.83, and he entered a decree for the balance in favor of the Bank of Beebe and said Rucker. From that decree said J. R.

Smith appealed to this court, and said decree was by ·this court affirmed on December 21, 1908.

On August 27, 1909, this application or petition was filed in said chancery court for leave to file a bill of review of said decree, upon account of new facts discovered since the entering of said decree. The new matter thus set up consisted of certain collections and payments which it was alleged were made. to the Bank of Beebe and said Rucker, and which had never been credited on the indebtedness due to the bank by said partnership, and which had never been presented upon the trial of the case. It was alleged that said Smith had in 1905 delivered to said Rucker thirty-one bales of cotton to be applied upon said indebtedness, which had not been done; that Rucker had assured Smith that credit therefor had been given, and that on account of his confidence in Rucker he had accepted his word that it had been done, but since the rendition of the decree he had learned that this had not been done. On this account it was alleged that no testimony had been introduced relative to the payment of said cotton on said indebtedness upon the trial of the cause. It was also alleged that Smith had in 1905 made two deposits in the Bank of Beebe of $200 each, which were to be applied in payment upon said indebtedness, but which had not been done. That at the time of making the deposits he had received written acknowledgments thereof, or deposit slips, which he had turned over to his attorney, and that they had been lost ·by the attorney, and on the trial of the case had been forgotten. The other items set out are smaller in amounts, and like allegations are made relative to the payment thereof and the reason why testimony was not adduced relative thereto in the trial of the case.

A bill of review is a bill or complaint seeking, after the lapse of the term, to reverse or modify a decree that has been made and entered in the case. In order to file a bill of review, leave must be obtained from the chancellor in whose court the decree has been rendered. Such bill may ·be based upon error in law which is apparent on the face of the decree, or on account of new facts discovered since the decree was entered. If it is based upon newly discovered evidence, it rests within the sound discretion of the chancellor to grant or refuse leave to file the bill of review; but this discretion is subject to re-

view upon appeal, if it has been abused. *Jacks* v. *Adair,* 33 Ark.
161; *Webster* v. *Diamond,* 36 Ark. 532; 3 Ency. Pleading &
Prac., 588.

It is the policy of the law that a decree, once solemnly
entered, should not be set aside or modified except for cogent
reasons. The issues that are presented in a suit should be
fully developed by the testimony, and it is presumed, when a
cause is finally submitted for determination and decree, that
tne parties have adduced all evidence of which they had knowl-
edge or which they could have known by the exercise of due
diligence. Therefore it has been uniformly held that the new
matter for which a bill of review will lie must be such as was
not known to the petitioner or his attorney in time to be used
in the suit, or could not have been known by the exercise of
reasonable diligence. *White* v. *Holman,* 32 Ark. 757; *Woodall*
v. *Moore,* 55 Ark. 22; *Dumont* v. *Des Moines Valley Rd. Co.,*
131 U. S. Appendix clx.

In the case of *Bartlett* v. *Gregory,* 60 Ark. 453, the rule
is thus stated: "Where a bill of review is for newly discovered
matter, the rule now is that the matter must be such as could
not have been discovered by the use of reasonable diligence,
for, if there be any laches or negligence in this respect, that de-
stroys the title to the relief."

A bill of review will not lie for evidence which was known
in time to have been offered before the submission of the
cause for determination or decree. It is the duty of the parties
to present all such evidence; and if, through design or inad-
vertence, they do not introduce such evidence, they will not
be permitted to wait the determination of the issue and then
seek to again try the issue upon evidence which they have de-
signedly or negligently omitted to introduce. *Greer* v. *Turner,*
47 Ark. 17; *State* v. *Hicks,* 48 Ark. 515; *Boynton* v. *Chicago
Mill & Lumber Co.,* 84 Ark. 203; 16 Cyc. 530.

The issues that were made by the pleadings in the case
upon which the decree was rendered involved the indebtedness
that was due by the firm of Smith & Ward to the Bank of
Beebe and Rucker, and also all payments that had been made
thereon by Smith or by any one for him or said firm, and all
collections that had been made upon the notes and accounts
of the firm. These matters were extensively developed by the

testimony adduced upon the trial of the case. J. R. Smith gave his testimony and deposed at length and in detail as to payments and collections for which he claimed credit. He was assisted in the preparation and trial of the case by able counsel. He was cognizant at the time he testified in the case of every item for which in this petition for a bill of review he now seeks credit. Before he gave his testimony in the case and before the cause was submitted to the chancellor for determination, he knew the very facts and matters which he now sets up in this petition. These matters can not therefore be said to be newly discovered since the rendition of the decree. Upon an examination of the record in the case upon which the decree was entered, we find that testimony was introduced upon the trial of the cause relative to a great number of the matters and items which are set out in the petition as newly discovered, and we find that some of the items of payment now set out in the petition were not only considered by the chancellor, but that credit was given therefor in said decree. The chancellor in said decree made a finding that Smith & Ward were entitled to credits amounting in the aggregate to $4,072.83. This sum consisted of a great number of different items.

In the testimony it appears that in some instances the different amounts of the credits are given, but the items thereof are not specifically named. It may be that these credits represent the items or a great many of the items of payment which are now set out in the petition for the bill of review. However this may be, it clearly appears that the matters which are now set out as newly discovered were known to petitioner, or by the exercise of reasonable diligence could have been discovered by him, before the rendition of the decree; that these matters were within the issues of the case, and could have been brought out by the use of any degree of diligence.

Under these circumstances we can not say that the chancellor abused his discretion in refusing leave to file a bill of review of said decree.

The decree is affirmed.