## ADCOX *v*. JAMES.

### Opinion delivered May 11, 1925.

1. REFORMATION OF INSTRUMENTS—BURDEN OF PROOF.—To warrant reformation of an instrument for a mutual mistake, the proof must be clear, convincing, unequivocal and decisive, and must establish the mistake beyond a reasonable doubt.

2. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.—Evidence of a mutual mistake *held* sufficient to justify reformation of a conveyance of an interest in an oil and gas royalty.

3. REFORMATION OF INSTRUMENTS—NEGLIGENCE.—Alleged negligence of the grantee of a conveyance in failing to read it *held* not to bar reformation for a mutual mistake, where he was misled into believing that the deed conveyed the interest which he had purchased, and was lulled into security by that belief.

4. REFORMATION OF INSTRUMENT—WIFE'S DOWER INTEREST.—Conceding without deciding that a husband's deed conveying an interest in oil and gas royalties is such a conveyance of an interest in the land as requires the wife's relinquishment of her dower, a misdescription of such royalty in the deed will not be reformed as to her, since her dower can be relinquished only in the manner provided by statute.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy*, Chancellor; reversed in part.

*Betts & Betts*, for appellent.

*Powell, Smead & Knox*, for appellee.

McCULLOCH, C. J. Appellee instituted this action in the chancery court of Union County against appellants (husband and wife), seeking the reformation of a deed executed by the latter to the former, conveying part of a royalty reserved in an oil and gas lease covering a certain tract of land in that county, containing forty acres, to which appellant J. B. Adcox had title in fee simple. Said appellant had previously executed an oil and gas lease to one Jones, reserving a royalty of one-eighth of the production of oil and gas. Subsequent to that conveyance, appellants joined in a conveyance to appellee, reciting a consideration of $2,000, cash in hand paid, and conveying an interest described in the following language: "An undivided one-sixteenth (1/16) portion of

their interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Union County, Arkansas, to-wit'' (the forty acres of land is then accurately described). The effect of this language in the deed was to convey one-sixteenth of the one-eighth royalty under the lease to Jones, whereas appellee contends that his contract with appellant Adcox for the purchase of an interest in the royalty was that one-half of the royalty, or one-sixteenth of the total production, was to be conveyed. Appellant, Ella Adcox, the wife of J. B. Adcox, joined in the conveyance for the purpose of relinquishing dower, and acknowledged the same, and she was joined in the action as one of the defendants.

Appellants answered denying that the agreement was that one-half of the one-eighth royalty was to be conveyed, and alleging that the description in the deed was in accordance with the intention of the parties in making the sale and purchase.

The chancery court granted the relief prayed for by appellee, and rendered a decree accordingly, reforming the deed both as to the owner, J. B. Adcox, and also against his wife so far as it affected the relinquishment of dower. The correctness of the decree is attacked by counsel for appellants on the ground that the evidence is not clear and convincing in establishing the fact that there was an error in the deed. There is no controversy between the parties as to the law with reference to the degree of proof essential for the reformation of a deed or other written instrument. The evidence must be ''clear, convincing, unequivocal and decisive,'' and must establish the right beyond a reasonable doubt. *McGuigan* v. *Gaines*, 71 Ark. 614. This rule does not require that the fact be established entirely beyond dispute. The only requirement is that there be more than a mere preponderance, and the evidence must be of sufficient weight to establish the issue beyond reasonable controversy or

doubt. We are of the opinion that the evidence in this case fully meets that requirement.

The sale and purchase between appellee and appellants was negotiated by James L. Martin, who testified in the case and stated that he was employed by J. B. Adcox to sell an interest in the royalty, and was authorized by him to make sale of one-half of the royalty for $2,000, and that, pursuant to that authority, he negotiated the sale to appellee. He testified that he was the agent of appellant Adcox, and that the latter, after the sale was reported to him, caused the deed to be made, and that he (witness) took the deed and delivered it to appellee and received a check for the purchase price, out of which he was paid a commission by appellant. He testified that, at the time of the delivery of the deed to him and the delivery of it by him to appellee, he did not know that the deed failed to describe the interest to be conveyed in accordance with the trade made—that is to say, one-half of the royalty. This witness appears to be entirely disinterested, and there is no reason for rejecting any portion of his testimony. He is contradicted, however, by appellant Adcox, who testified that he did not constitute Martin as his agent, but merely consented for the latter, as a broker, to make sale of the royalty, and he stated that the deed properly described the interest to be conveyed.

Appellee testified that, in the negotiations with Martin, the proposition was made to him to sell him one-half of the royalty for $2,000, and he accepted this offer, and that, when the deed was delivered to him, he did not read the description, for the reason that he assumed that it was written in accordance with his agreement with Martin.

Other witnesses testified that appellant Adcox admitted afterwards that he had agreed to sell one-half of the royalty.

The testimony is overwhelming that the price of $2,000 for a conveyance of one-sixteenth of one-eighth

royalty would be grossly excessive. The proof shows that this property was five or six miles from actual oil production and that $2,000 was the full price for one-half of the royalty, which, at that rate, would make $32,000 the value of the total production, whereas the price of $2,000 for one-sixteenth of the royalty would make a one-eighth royalty worth $32,000, which, according to the overwhelming testimony, is grossly excessive.

We are of the opinion that the evidence is thoroughly satisfactory and convincing that a mistake was made in the conveyance. It was a mistake easily made by the scrivener and one little likely to be discovered in casual reading. The description, instead of saying an undivided one-sixteenth portion of the interest of the grantors, should either have said one-sixteenth of the total production or one-half of the interest of the grantors.

It is further contended that there should be no reformation for the reason that the mistake was not mutual. We are of the opinion that, if the evidence shows any mistake at all, it was mutual, because all the testimony adduced in the case which tends at all to show that there was a mistake is to the effect that both appellee and appellant Adcox understood that one-half of the royalty was to be conveyed.

Again, it is contended that appellee is barred from relief on account of his own negligence in failing to read the deed. The answer to this contention is that he was led to believe that the deed conveyed the interest which he had purchased, and was lulled into security by that belief, hence he is not barred by his failure to read the deed. *St. L. I. M. & S. Ry. Co.* v. *McConnell,* 110 Ark. 306.

Our conclusion therefore is that the decree reforming the deed is correct so far as concerns the rights of the owner, J. B. Adcox. But it is further contended by appellants that the court erred in attempting to reform the relinquishment of dower by the wife, appellant Ella Adcox. It will be observed that the conveyance in ques-

tion was not an original sale or lease of mineral rights, but was a conveyance of royalty reserved in the lease to Jones. Whether or not this was such an interest that would give the wife of the grantor dower in the event of the death of her husband we need not now decide; but conceding, without deciding, that the conveyance was of such a character as there should be a relinquishment of the wife's dower rights, it does not follow that the deed should be reformed as to her. On the contrary, we have held that a misdescription in a deed of conveyance of land could not be reformed so far as to affect the wife's dower rights. *Morris* v. *Covey*, 104 Ark. 226. The reason given in that decision why there can be no reformation was that a wife can relinquish her dower only in the method provided by statute, and there can be no reformation, for the reason that she was entirely without power to relinquish dower except in the manner pointed out by the statute. Counsel for appellee insist that that decision fails to take into account a statute enacted by the General Assembly of 1893 (Crawford & Moses' Digest, § 5578), authorizing chancery courts to reform "all deeds or other instruments of conveyance of married women." It is a mistake to assume that the statute was overlooked, for we cited the case of *Mills* v. *Driver*, 72 Ark. 534, where the statute was mentioned. It may be added now, however, that the statute has no application to a relinquishment of dower, for it applies in terms only to deeds or other instruments of conveyance and not to a relinquishment of dower. We adhere therefore to the decision that the wife's relinquishment of dower cannot be reformed. But that does not affect the validity of the conveyance so far as concerns the rights of the husband.

There is a question raised by appellee in this case as to the evidence being properly brought into the record, but we have reached the conclusion on the merits of the case in favor of appellee, assuming the evidence to be

properly brought up, and it is unnecessary to discuss that question.

The decree against appellant J. B. Adcox reforming the conveyance as to him is in all things affirmed, but the decree as against appellant Ella Adcox is reversed, and the cause as to her dismissed.