ROBERTSON *v.* CHRONISTER.

4-5063

Opinion delivered May 9, 1938.

142

*Oliver Moore,* for appellants.

*Robert Bailey* and *Caudle & White,* for appellees.

HUMPHREYS, J.   On August 18, 1936, Roy Robertson, Florence Robertson Garrison and Chronister Brothers & Company brought a suit in the chancery court against Dora Robertson and the heirs of J. T. Robertson, deceased, alleging that said plaintiffs were the owners of certain lands in Pope county, Arkansas, and praying for a partition of same.

On November 9, 1936, the heirs of J. T. and Ella Robertson, deceased, filed an intervention in the cause claiming to be the owners of said property and afterwards dismissed their intervention.

On the 13th day of March, 1937, the appellants herein filed a suit in the circuit court of Pope county in ejectment against Chronister Brothers and Company alleging that said appellants were owners of the land in controversy.

Appellees filed an answer denying that appellants were owners of the lands in controversy alleging that on December 5, 1929, they had bought an undivided 5/6 interest in same from J. T. Robertson and that J. T. Robertson and Dora Robertson, his second wife, executed a warranty deed for said lands in consideration of $3,300 and filed the deed as an exhibit to the answer which described the lands as being in Pope county under calls in the deed as follows:

SE part of NW¼ of SE¼, 26-8-21,

N. part of NE¼ of SE¼, 26-8-21,

N. part of NE¼ of SW¼, 26-8-21,

Part of NE¼ of SW¼, 25-8-21,
S. part of E½ of SW¼, 26-8-21,
SW¼ of NE¼, 21-8-21, 40 acres,
Part of NW¼ of SE¼, 21-8-21, 6½ acres.

The deed contained the following clause:

"This is the John Edwards Estate, the grantor herein having purchased the interests of John Edwards, Myrtle Edwards Garrison, Tom Edwards, Ebe Benton and Charley Edwards, who were the owners of an undivided one-sixth (1/6) interest each in and to said lands, and the grantor, J. T. Robertson, having married Ella Edwards Robertson, who was the owner of the other undivided one-sixth (1/6) interest."

Also alleging that on the 20th day of March, 1930, they purchased an undivided 3/30 interest in said lands from Gertrude Robertson Pearson Flynn, Jess Robertson and Maggie Robertson Taylor who executed them a warranty deed on said date for $70 paid to each of them and made said deed an exhibit to their answer.

Exceptions to these deeds were filed on the ground that the descriptions of the land contained therein were insufficient and on account of said deficient description were void.

On the 1st of June, 1937, appellees filed an amended answer to appellants' complaint admitting that the lands described in their deeds were insufficient descriptions, but alleging that appellees had purchased the same from appellants' ancestor for which they had paid a large sum in cash and had taken said lands into their possession on December 5, 1929, and had occupied same continuously, and had spent large sums of money in making improvements thereon and paying the taxes from year to year from the date they purchased same and were still in possession thereof. Thereupon said appellees filed a motion to transfer the ejectment suit to the chancery court in order that the error in the description might be corrected and that the rights of all parties might be determined.

The court sustained the motion to transfer the ejectment suit to the chancery court over the objection and exception of appellants.

After the case was transferred it was consolidated over appellants' objections and exception with the chancery case for a partition, number 3577, and tried as a consolidated case upon all the pleadings in both cases and the evidence introduced by appellees with the result that the chancery court reformed the deeds so as to correctly and specifically describe the lands intended to be conveyed by the grantors to appellees and determining the interest of appellees in said lands as correctly described finding that appellees owned all the lands involved except a 2/30 interest therein which was owned equally by Florence Robertson Garrison and Roy Robertson. The chancellor also found that the lands as correctly described were not susceptible of division in kind and ordered a sale thereof and appointed a commissioner to make the sale. From that decree an appeal has been duly prosecuted to this court:

The facts gleaned from the record are, in substance, as follows:

The lands were originally known as a part of the Edwards estate and were inherited by Edwards' heirs, six in number. J. T. Robertson married Ella Edwards, one of the heirs to whom the Edwards estate passed by descent. Ella Edwards Robertson died many years ago leaving five children by J. T. Robertson. The names of the children were Roy Robertson, Jess Robertson, Florance Robertson Garrison, Maggie Robertson Taylor and Gertrude Robertson Pearson who later married a man by the name of Flynn. J. T. Robertson purchased the interest of all the Edwards heirs in said real estate except 1/6 interest belonging to his wife and went into and retained the possession of all of said real estate until December 5, 1929, at which time he and his second wife, Dora Robertson, sold 5/6 thereof to Chronister Brothers & Company, appellees herein, for $3,300 which consideration was paid by liquidating certain mortgages on said property and paying J. T. Robertson the balance thereof. At that time the 1/6 interest owned by Ella Edwards Robertson at the time of her death had descended to Roy Robertson, Jess Robertson, Florence

Robertson Garrison, Maggie Robertson Taylor and Gertrude Robertson Pearson Flynn, who each owned an undivided 1/5 interest in the 1/6 interest owned by their mother. On March 20, 1930, Gertrude Robertson Pearson Flynn, Maggie Robertson Taylor, and Jess Robertson and his wife, Maudie Robertson, conveyed the undivided interest of each of them to Chronister Brothers & Company for a cash consideration of $70 each.

On December 5, 1929, Chronister Brothers & Company who owned all the land except the 2/30 interest belonging to Roy Robertson and Florence Robertson Garrison, went into immediate possession thereof and continued in possession of same until the beginning of this litigation and are still in possession thereof. The evidence reflected a correct description of the lands which had been purchased by Chronister Brothers & Company, although insufficiently described in the deeds they received, also, that they went into the possession of said lands, paid the taxes thereon, made valuable improvements on same and that the lands in question were the only lands owned in Pope county by the ancestor of appellants. There is no evidence in the record tending to show that J. T. Robertson, the ancestor of appellants, was of unsound mind when he conveyed the lands to Chronister Brothers & Company.

We think the transfer of the ejectment suit to the chancery court was proper after appellees filed an equitable defense therein. It was said by this court in the case of *Nichols* v. *Shearon*, 49 Ark. 75, 4 S. W. 167, that: ''Where the evidence of title produced by the defendant in an action of ejectment, misdescribed the land, he cannot, as a mode of defense to that action, proceed by a suit in equity against the plaintiff to have the deed reformed, but should make such equitable matter a ground of defense to the ejectment and move a transfer of any issue thus raised to the equity docket.''

Of course, if appellants had not filed an equitable defense in the ejectment suit it could not have been transferred to the chancery court for trial.

We do not think the court erred in consolidating the two cases pending in the chancery court. The original suit in partition brought in the chancery court and the ejectment suit which had been transferred on motion to the chancery court are between the same parties and involve the same lands the title of which came from a common source. Section 1288 of Pope's Digest provides that: "Whenever several suits shall be pending in the same court by the same plaintiff against the same defendant, for causes of action which may be joined, or where several suits are pending in the same court by the same plaintiff against several defendants, which may be joined, the court in which the same may be prosecuted may, in its discretion, order such suits to be consolidated into one action;" and it is provided by § 1289 of Pope's Digest that: "When causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this state, the court may make such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The court did not abuse its discretion in consolidating these two cases.

This is a case where the heirs of the grantor are attempting to recover lands which their grantor sold to appellees for a valuable consideration and put the purchasers or appellees in possession thereof under a faulty description in the deed and upon which appellees made valuable improvements and paid the taxes and remained in possession thereof for more than seven years. There is no question that the lands which were intended to be conveyed were the lands that the grantor sold to appellees and for which the grantor received the entire purchase price. In the case of *Walker* v. *David*, 68 Ark. 544, 60 S. W. 418, which is a case very similar to the instant case, this court said: "But, even if we should concede the contention of counsel that the description of the land in the deed was too vague and indefinite to pass title, it

would not follow that the plaintiffs could recover the land. The heirs of the vendor could not in such a case avoid the consequences of his deed; for, while it might be denied effect as a deed it would be good as an executory contract to convey." And this court, also, said in the case of *Cooper* v. *Newton*, 68 Ark. 150, 56 S. W. 867, that: "If the deeds made in the firm name were void at law (*Percifull* v. *Platt*, 36 Ark. 456-65; *Riddle* v. *Whitehill*, 135 U. S. 621-634, 10 S. Ct. 924, 34 L. Ed. 282), still, in equity, the real parties in interest and in possession may retain same until they can have the deed reformed to carry out the intention of the partners to the contract to purchase."

We think the deeds in the instant case must be treated as conveying an equitable title to appellees and should be reformed, as was done by the chancellor, to correctly describe the land which was clearly identified as the land intended to be conveyed.

No error appearing, the decree is affirmed.