ROBERTSON *v.* CHRONISTER.

4-5658                                                    134 S. W. 2d 517

Opinion delivered December 4, 1939.

*Oliver Moore,* for appellant.

*Robert Bailey, Caudle & White, Moore, Burrow & Chowning,* and *J. M. Smallwood,* for appellees.

HUMPHREYS, J. A decree was rendered in the chancery court of Pope county, wherein the parties in this case were parties plaintiffs and defendants in consolidated cases numbers 3767 and 3577, from which an appeal was duly prosecuted to this court and tried under the style of *Robertson* v. *Chronister,* reported in 196 Ark. 141, 116 S. W. 2d 1048.

Upon a trial *de novo* in this court of the consolidated cases the findings and decree of the chancery court were affirmed. The issues and facts involved in the consolidated cases are set out in the case of *Robertson* v. *Chronister, supra.* We deem it unnecessary to set them out again as they are fully set out in the Chronister case referred to above. A bill for a review of the decree in the consolidated cases in the chancery court was subsequently filed by the appellants herein against the appellees. Practically all the pleadings, exhibits and the testimony introduced in the consolidated cases were attached as exhibits to the bill for the review of the decree in the consolidated cases. The complaint for a review of the chancery decree in the consolidated cases has not been abstracted in appellant's brief so as to set out the substance thereof; but, in reading same in connection with the bill of review set out in the transcript, we find no statutory ground alleged for vacating or modifying judgments, nor do we find any facts alleged

that appellants have a meritorious defense to the cause of action in case the judgments were set aside as required under §§ 8248 and 8249 of Pope's Digest. In fact, the substance of the bill for review relates to procedural matters or issues involved in the cases which were consolidated. For example, it is alleged in the bill of review that the chancery court had no right to consolidate the cases and no jurisdiction to try them after consolidating them. Both these issues were raised in the trial of the consolidated cases and also raised on appeal from the decree in the consolidated cases, and the order of the circuit court transferring the ejectment suit to chancery and the order consolidating it with the chancery suit, which was one for partition, was affirmed.

Another issue in the consolidated cases was whether the deeds could be reformed so as to describe the lands intended to be conveyed by the grantors to the Chronisters. This court held that the deeds were susceptible of reformation and that even if it should be conceded that the description of the lands in the deeds was too vague and indefinite to pass title, the heirs of the vendor could not avoid the consequences of the deed; that even if the deed were void for misdescription, still, in equity, it would be good as an executory contract to convey the lands intended to be conveyed.

It does not appear from allegations in the bill of review that the decree in the consolidated cases is void on its face nor does it appear from allegations in the bill of review that testimony or evidence was discovered after the rendition of the decree which would avoid same. This court said in the case of *Smith* v. *Rucker,* 95 Ark. 517, 129 S. W. 1079, 30 L. R. A., N. S., 1030, "Such bill (referring to bills of review) may be based upon error in law which is apparent on the face of the decree, or on account of new facts discovered since the decree was entered." Under this rule the bill of review is insufficient to justify setting aside the decree in the consolidated cases and the trial court was correct in dismissing the bill for want of equity in so far as it sought to set said decree aside.

No error appearing, the decree is affirmed.