CHRONISTER *v.* ROBERTSON.

4-7479                                                      185 S. W. 2d 102

Opinion delivered January 8, 1945.

1124

*Robert Bailey* and *Caudle & White,* for appellant.

*J. H. Brock* and *Oliver Moore,* for appellee.

McHANEY, J. This is a proceeding brought by appellee on July 26, 1940, in the probate court to have her dower assigned in certain lands in Pope county, described in her petition. She alleged that her late husband, J. T. Robertson who died in said county on January 6, 1934, became seized of an estate of inheritance in said lands and that she had never relinquished her dower therein. She prayed that dower be set apart to her and for judgment for one-third the rental value of said lands, appel-

lants having been in possession thereof at all times since her husband's death.

No answer appears to have been filed to this petition, but appellants appeared and defended the action. In addition to witnesses who testified as to the rental value of said lands, appellants introduced the record of the decree of the Pope chancery court in the case of *Dora Robertson, et al.,* v. *W. J. Chronister, et al.,* in which the title to. the same land now under consideration and in which dower is now sought was involved, and in which the court found: "That on said date, to-wit: December 5, 1929, the said J. T. Robertson and the plaintiff, Dora Robertson, executed their warranty deed with relinquishment of dower to the undivided five-sixths (5/6) interest, and also the life estate of J. T. Robertson in and to the remaining . one-sixth (1/6) interest of Ella Edwards Robertson, the first wife of J. T. Robertson, in and to the following described lands": (Describing the lands now here involved) to appellants in the case at bar for a consideration of $3,000, which deed was duly acknowledged and was recorded promptly. The court found that the lands were inaccurately described in said deed and reformed the description to describe correctly and accurately the lands so conveyed. The decree then provided: "The court doth further find that by the deeds herein above set out in said decree all of said plaintiffs intended to and did convey all of their interest in and to all of the lands so above described to the defendants, Chronister Brothers & Company, except the plaintiffs, Florence Robertson Garrison and Roy Robertson, and that the complaint as to each of said plaintiffs, except said Florence Robertson Garrison and Roy Robertson, be dismissed for want of equity." A decree was entered to this effect September 7, 1937.

Appellants also introduced a supplemental and amendatory decree of said court of May 8, 1939, and entered *nunc pro tunc* on June 12, 1939, further adjudicating the rights of said Florence Garrison and Roy Robertson. They also introduced the warranty deed from J. T. Robertson and Dora Robertson to the appellants, W. J. Chronister also testified in the case.

From all of which the court found that J. T. Robertson was seized of an estate of inheritance in said lands while the husband of appellee and that appellee had not relinquished her dower in legal form and was not barred by limitations. A judgment was entered awarding dower to her and appointing commissioners to lay it off. This appeal followed.

We think the trial court fell into error. By this judgment, the chancery court has set aside and annulled two former decrees of the trial court, both of which were appealed to this court and affirmed—one, *Robertson* v. *Chronister,* 196 Ark. 141, 116 S. W. 2d 1048, and the other, *Robertson* v. *Chronister,* 199 Ark. 373, 134 S. W. 2d 517. In the former appeal (196 Ark. 141) we said: ''This is a case where the heirs of the grantor are attempting to recover lands which their grantor sold to appellees for a valuable consideration and put the purchasers or appellees in possession thereof under a faulty description in the deed and upon which appellees made valuable improvements and paid the taxes and remained in possession thereof for more than seven years. There is no question that the lands which were intended to be conveyed were the lands that the grantor sold to the appellees and for which the grantor received the entire purchase price.''

While appellants may not have filed a formal answer to the petition for dower by appellee, we think the introduction of the former decrees of the chancery court and of said deed without objection amounted to a plea of *res judicata* which should have been sustained in bar of the action.

In effect the action of the probate court in the premises was again to try the title to said lands and overrule both the decrees of the chancery court and the judgment of this court which held that appellee and her husband, in his lifetime, to-wit, December 5, 1929, had conveyed said lands to appellants by warranty deed in which appellee relinquished her dower, for a good and valuable consideration. The probate court has no such jurisdiction.

*Moss* v. *Moose,* 184 Ark. 798, 44 S. W. 2d 825; *Ellsworth, Admr.,* v. *Cornes,* 204 Ark. 756, 165 S. W. 2d 57.

The judgment is accordingly reversed and the cause dismissed.

---

## On Rehearing.

McHANEY, J. Counsel for appellee call our attention to a partial misstatement of fact in our original opinion, wherein we said that "the introduction of the former decrees of the chancery court and said deed without objection amounted to a plea of *res judicata* which should have been sustained in bar of the action," when, as a matter of fact, objection was interposed to the introduction of said deed only. We think this oversight unimportant as the introduction of the former decrees of the chancery court alone amounted to a plea of *res judicata.* Said deed was introduced in the former case and the chancery court, on September 7, 1937, rendered a decree finding and holding that on December 5, 1929, appellee and her husband executed their warranty deed with relinquishment of dower in and to the undivided 5/6 interest and also the life estate of her husband in and to the remaining 1/6 interest of his former deceased wife in and to the very same lands here involved to the Chronisters for a consideration of $3,000. Said decree dismissed the complaint of Dora Robertson and other named plaintiffs "for want of equity and that all the claim or right, title, or interest of every kind or character made by said above plaintiffs, or owned or held by them prior hereto be quieted in the defendants . . . and that said interest be divested out of the said above named plaintiffs and vested in the defendants . . ." That decree was affirmed in *Robertson* v. *Chronister,* 196 Ark. 141, 116 S. W. 2d 1048, from which we quoted in the original opinion. The language of the decree above quoted barred appellee of every possible interest she might have had in said land, including dower, and was *res judicata* of this action for dower.

But counsel for appellee insist that such is not the effect of said decree, because incidentally the court decreed reformation of some of the descriptions in said deed of December 5, 1929, and that a widow's right of dower cannot be taken away in a conveyance, where the descriptions in the deed are reformed in a subsequent suit. The cases of *Morris* v. *Covey,* 104 Ark. 226, 148 S. W. 257, and *Adcox* v. *James,* 168 Ark. 842, 271 S. W. 980, among others, are cited to support the contention. These are cases where it was sought by reformation to enlarge the wife's relinquishment of dower as contained in the instrument executed by her. For instance, in the case of *Adcox* v. *James,* the latter sought reformation of a deed by Adcox and wife to him conveying part of a royalty reserved in an oil and gas lease, and described as "an undivided one-sixteenth (1/16) portion of their interest," etc. It was contended that Adcox intended to convey one-half of his one-eighth royalty which would be one-sixteenth of the total production, instead of one-sixteenth of one-eighth of the total production which would be 1/128 thereof. The chancery court granted the relief prayed as to both Adcox and his wife who joined in the conveyance and relinquished her dower. This court affirmed as to Adcox, but reversed as to his wife's relinquishment of dower, holding that the royalty deed could not be reformed as to her, as the wife can relinquish dower only as provided by statute, § 1834 of Pope's Digest, as amended by Act 27 of 1939. So, in *Morris* v. *Covey, supra,* there was involved the right to reform an instrument so as to enlarge the wife's relinquishment of dower, and it was held that it could not be done.

In the case at bar there was no attempt to enlarge appellee's relinquishment of dower by reformation, but only to reform indefinite descriptions and to make definite and certain what lands she intended to relinquish dower in. Several of the tracts in the deed were described as "part" or "N. part" or "S. part" of certain calls and they were reformed with descriptions by metes and bounds, and we do not understand there is any question

about the correctness thereof, or that they enlarged the grant made in the deed of conveyance.

Petition for rehearing denied.

McFADDIN, J. (concurring in order overruling petition for rehearing).

I concur in the order overruling the petition for rehearing, and I take this occasion to point out that I think the time has come when this court should re-examine the holdings in such cases as *Morris* v. *Covey,* 104 Ark. 226, 148 S. W. 257, and *Adcox* v. *James,* 168 Ark. 842, 271 S. W. 980, (concerning reformation of deeds involving relinquishment of dower) in the light of modern day legislation on the rights and equalities of married women. The rule of these cases is a survival of the time when the law served as a guardian of married women. Now they need no such guardianship; and the rule of these cases should be re-examined. What may be the result of such re-examination is not forecast. I do not necessarily mean the rule should be changed—but I do think the rule should be re-examined.