HILL v. GODWIN.

5-2027                                          331 S. W. 2d 34

Opinion delivered January 11, 1960.

*Robert N. Maxey*, for appellant.

*Patrick O. Freeman*, Thayer, Mo., *Oscar E. Ellis, D. Leonard Lingo, Harry L. Ponder*, for appellee.

SAM ROBINSON, Associate Justice. This action was filed by appellees, Norman E. Godwin and Gladys P. Godwin, to reform a deed from appellant, Lizzie W. Hill, to Chester Humphreys and subsequent deeds to the same property, including a deed to appellees. There is only one issue and that is whether Humphreys intended to buy and Mrs. Hill intended to sell all the property she owned on Goose Neck Island, which is a small tract of land consisting of a little less than 9 acres in Fulton County, immediately across Warm Fork Creek from the main part of the town of Mammoth Spring and now forming a part of that town.

The appellant, Lizzie W. Hill, owned 8.83 acres on the island. In 1949 she conveyed to Chester Humphreys 8.90 acres, "the said described land being commonly and locally known as 'Goose Neck Island' and forming a part of same." (There is a small portion of the island that did not belong to Mrs. Hill and appellees make no claim to such portion.) The description in the deed from Mrs. Hill to Humphreys is as follows: "Part of the East One-Half of the Southeast Fractional Quarter of the Northwest Fractional Quarter of Section Eight, (8) Township Twenty-one (21) North of Range Five (5) West of the Principal Meridian in Arkansas, in Fulton County; and, more particularly described as follows: All that acreage extending in a West and Northwesterly direction from the North-South Half Section Line of said Section Eight (8) and bounded by Warm-Fork Creek on the East and Northeast and by the Spring River as it now is flowing in the South and Southeasterly Direction, including any and all adjacent Riparian Rights in both Warm-Fork Creek and Spring River; and lying West of the present St. Louis & San Francisco Railroad Right-of-way, said acreage forming part of a peninsula or point of an irregular shape and containing Eight (8) and Ninety (90) Hundreths Acres, more or less, of land and water surface. SAVE AND EXCEPT, any and all right of way or other grant or easement heretofore made to the Mammoth Spring Electric Light and Power Company. The said described land being commonly and locally known as 'Goose-Neck Island' and forming a part of same."

It will be seen that the deed describes the land conveyed as being in the Southeast of the Northwest of Section 8, but actually 3.6 acres of the 8.83 acres Mrs. Hill has owned on the island is in the Northeast of the Northwest of Section 8. The chancellor found that it was the intention of the parties that Mrs. Hill was selling to Mr. Humphreys all the land she owned on the island.

It appears that Mr. Humphreys wanted to buy the land for Mr. Doyle Blackburn. Mr. Robert N. Maxey, who

lived at Mammoth Spring, was the agent of Mrs. Hill, looking after her property. Mrs. Hill, an elderly lady, lived in Memphis. Mr. Maxey testified that Humphreys asked him about "buying lands on Goose Neck Island. I told him I had *it* for sale." (Emphasis supplied) At that time Humphreys offered $800 for "the property" and Mr. Maxey told him he would communicate the offer to Mr. Napoleon Hill, who handled Mrs. Lizzie W. Hill's business. Later Mr. Hill called from Memphis and said Humphreys was there and had increased the offer to some extent and told Mr. Maxey "you go ahead and write the deed. We won't have it surveyed, but will furnish the abstract." Pursuant to this conversation Maxey wrote the deed conveying 8.90 acres more or less, which is all the land Mrs. Hill owned on Goose Neck Island. If Mrs. Hill was not selling all she owned on the Island, then Maxey would have had no way of knowing which part she was selling. None of the parties had suggested that Mrs. Hill was selling only a portion of the property she owned on the Island.

Appellant now contends she sold Humphreys only 3.83 acres, but there is no substantial evidence in the record to support that view. Practically all the evidence is to the contrary. Humphreys testified positively that he bought 8.90 acres, all the land Mrs. Hill had on Goose Neck, for the consideration of $890. Humphreys is corroborated in his testimony by the testimony of Doyle Blackburn. Mr. Maxey testified that the deed he wrote did not include all that Mrs. Hill owned on Goose Neck Island, but there is not a scintilla of evidence to the effect that it was not Mrs. Hill's intention to convey all she owned on Goose Neck Island.

The chancellor's decree reforming the deeds is fully sustained by the evidence. Of course, a deed may be reformed to carry out the intention of the parties. *Davidson* v. *Peyton,* 190 Ark. 573; 79 S. W. 2d 734; *Robertson* v. *Chronister,* 196 Ark. 141, 116 S. W. 2d 1048; *Hervey* v. *College of Ozarks,* 196 Ark. 481, 118 S. W. 2d 576.

Affirmed.